

U.S. BANKRUPTCY COURT
SO. DISTRICT OF FLORIDA-WPB

NOV - 4 2010

FILED _MC__ RECEIVED_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re   Shubh Hotels Detroit, LLC

Case No: 10-42163-EPK
Chapter 11

_____ Debtor_____ /

## MICHIGAN STATE COURT APPOINTED RECEIVER'S MOTION TO DISMISS DEBTOR'S CHAPTER 11 CASE UNDER 11 U.S.C. § 1112(b)(1), OR IN THE ALTERNATIVE TO BE EXCUSED FROM TURNOVER UNDER 11 U.S.C. §543(d)(1), AND REQUEST FOR EXPEDITED HEARING

> **Pursuant to local rule 9075-1, the Receiver requests an expedited hearing in the interest of judicial economy. The Court will be holding a Status Conference on November 18, 2010. Additionally, prompt hearing of the Receiver's motion is in the best interest of the creditors as the property of the estate requires immediate funding for steam heat to prevent freezing pipes in the fire suppression system. Further, the Receiver will be traveling from Royal Oak, Michigan to attend the Status Conference and scheduling the instant motion on a different date will require another flight to appear on this motion. The Receiver contacted counsel for the Debtor and counsel for the first secured creditor, and was unable to obtain concurrence with this request.**

Now comes David Findling, In Pro Se State Court Appointed Receiver, and states:

*Introduction*

1.  David Findling is the State Court Appointed Receiver (the "Receiver") of the Debtor, Shubh Hotels Detroit, LLC.  Debtor holds title to the Detroit Riverside Hotel, a 25-story, 367-room hotel located at 2 Washington Boulevard in downtown Detroit,

1

Michigan (the 'Hotel"). The court order which appointed the Receiver specifically authorized the Receiver to oversee the operation of the Hotel. Accordingly, the Receiver has acted as management since June of 2009. Prior management has had no involvement with the hotel since the Receiver assumed control on June 29, 2009.

*The Orders Appointing Receiver*

2. There are two orders appointing the Receiver in the 3rd Judicial Circuit Court of Michigan (Wayne County) in case captioned Mutual Bank v Shubh Hotels Detroit, LLC, et al, Case No. 09-012750-CH (the "State Court Case"). See Exhibit A, Orders Appointing Receiver.

3. The initial Order Appointing Receiver, entered on June 26, 2009 (the "OAR") named David Findling as Receiver of the property and all related businesses located at 2 Washington Boulevard, Detroit, Michigan. The OAR provided in pertinent part:

IT IS FURTHER ORDERED that David Findling ("Receiver") is appointed Receiver of the property commonly known as 2 Washington Boulevard, Detroit, Michigan and all related businesses and services located thereon (collectively, the "Property"). The Receiver shall have the following authority and responsibilities to be undertaken in consultation with Plaintiff (referred to below as the "Bank"):

1. Maintain the Property in good order and condition and provide general property management services through such qualified vendors and service providers as the Receiver determines;

2. Establish such bank accounts as Receiver deems necessary and appropriate and collect and receive from any tenant of any portion of the Property all rents now due or to become due;

3. Oversee the operation of the hotel and all related businesses and services located on the Property, and to take all necessary and reasonable

2

action to protect the Bank's security interest in the assets, including but not limited to ceasing business operations, either directly or through such qualified vendors and service providers as the Receiver determines, including but not limited to, employing personnel and renting rooms at commercially competitive rates and identifying tenants, managers, or operators for all or any portion of the Property;

4.    Retain qualified property management entity to undertake reasonable steps to maximize the revenue, including but not limited to, entering into leases and franchise agreements for all or any portion of the Property upon commercially reasonable terms;

* * *

4.  An Amended Order Appointing Receiver was entered on July 1, 2009 (the "Amended OAR"). It specifically appointed David Findling as Receiver of Shubh Hotels Detroit, LLC, and "authorized the Receiver to manage and administer all aspects of Shubh Hotels Detroit, LLC" inter alia. Further, Shubh Hotels Detroit, LLC was ordered to turn over all accounts to the Receiver, which it did not do.

5.  David Findling received notification of his appointment as receiver on June 29, 2009, and has been in continuous control of the Hotel since his appointment.

*Management of the Detroit Riverside Hotel*

6.  As set forth in the attached Reports of Receiver, upon his appointment David Findling found the Hotel in crisis. Shubh Hotels Detroit, LLC had grossly mismanaged the Hotel. See Exhibit B, Reports of Receiver.

7.  The condition of the Hotel risked the safety of the employees and clientele, as the building had multiple fire safety, mechanical, and building code issues. The City of Detroit Building Department issued tickets for violations, which if not cured would

3

mandate the building's closure.

8. Urgent financial and building issues for the Detroit Riverside Hotel which necessitated the Receiver's appointment included:

a. insuring the premises, *which were completely uninsured* (Shubh Hotels Detroit, LLC had failed to maintain property, liability and liquor license liability insurance, even though the Hotel was open);

b. maintaining the utilities, which were subject to imminent shut-off;

c. stopping execution of multiple writs for collection on judgments against Shubh Hotels Detroit, LLC;

d. assessing the numerous mechanical/building code violations (i.e. *none* of the five elevators in this 25-story building had requisite permits, the HVAC system was inoperable (there was no air conditioning in the Hotel and guests were being assigned rooms in upper stories of the Hotel) and the fire alarm panel was not working even though the Hotel was open;

e. non-payment of employee wages (the employees had not that had not been paid for the prior two months); and

f. maintaining security, as theft from the premises had been a recurring problem; unpaid employees were primary suspects.

9. Further, upon his appointment the Receiver discovered approximately $3,838,858.02 in unpaid bills dating back to 2008, *excluding the unpaid mortgage and property and business taxes*. According to the Hotel Manager, he had been directed to forward all Hotel income to Shubh Hotels Detroit, LLC's offices in Florida. It appears

4

that not all of the Hotel's income was utilized to pay its obligations.

10.  One month after the Hotel went into receivership, so did the first lien holder, Mutual Bank of Harvey, Illinois.  On July 31, 2009, United Central Bank (the "Bank") entered into a Purchase and Assumption Agreement with the Federal Deposit Insurance Corporation to purchase and assume Mutual Bank's assets and liabilities, including the mortgage and note for the Hotel.

11.  In August of 2009, it was unclear whether the Receiver would be able to obtain funds to cure the building code violations and Hotel operations.  According to the Receiver's investigations through meetings with Detroit City Building and Fire inspectors and numerous contractors, and due diligence feedback from interested prospective purchasers, there are between four to eight million ($4,000,000 - $8,000,000) dollars of capital improvement required to cure the building and fire code violations and to allow the Hotel to re-open.

12.  The members of Shubh Hotels Detroit, LLC did not offer any financial support for the preservation or maintenance of the Hotel.

13.  Based upon the condition of the Hotel, which made remaining open for business impossible, the costs to cure the building issues, and the lack of available funds for cure, the Receiver determined it was in the best interests of the receivership estate to close the Hotel before an employee or client suffered injury, or the Detroit Building or Fire Department mandated the building's closure.

14.  Upon the Hotel's closure, the Receiver hired a 24-hour guard service at a significant cost which the Receiver paid from his own funds for approximately two months.

5

15. Subsequently, the Bank funded the costs for preservation of the Hotel, 24-hour security on premises, grounds maintenance, and payment of property taxes and utilities. Nonetheless, the air conditioning system in the 25-story building remains inoperable, and is estimated to require nearly $1,000,000 in repairs and replacement parts. Without appropriate humidity controls for over one year, the Hotel's furniture, fixtures and equipment may well be unusable.

16. In the fall of 2009, the Receiver engaged a commercial real estate broker to market the Hotel for sale. Broker's Opinions of Value for the Hotel obtained in the fall of 2009 ranged from $2,000,000.00 to $11,000,000.00.

17. Concurrently, and in direct contravention of the Amended Order Appointing Receiver, Shubh Hotels Detroit, LLC, also engaged a Florida real estate broker to market the hotel. This caused confusion on the market and difficulties for the Receiver's broker. Shubh's broker declined to remove his listing when the Receiver requested that he do so.

18. There are three mortgages on the Hotel with unpaid balances in excess of $39,000,000. Additionally, there are multiple perfected liens for unpaid taxes and judgments.

19. Offers for the Hotel have ranged from $1,500,000 to $5,500,000. The secured liens on the Hotel far exceed its fair market value.

20. On May 18, 2010, the morning of the State Court hearing on the Receiver's Motion to Confirm the Sale of the Hotel for $4,500,000, the Bank's counsel informed the Receiver that it could not obtain required FDIC approval for the sale. Further, the Debtor's counsel appeared with an offer for $5,500,000 from a Pennsylvania entity,

6

Black Diamond. There was concern that the Black Diamond offerors were related to the Debtor, and this was an attempt to regain control of the property without paying the secured debt.

21.  Shortly thereafter, the Bank moved to obtain a judgment of foreclosure against Shubh Hotels Detroit, LLC.  The motion hearing has been pending for several months. Debtor filed for bankruptcy on the eve of the hearing.

*Receiver's Request for Relief*

22.  The Receiver is a custodian of Debtor's property as defined by 11 USC § 101(11)(B).

23.  As a custodian of Debtor's property, the Receiver is a party in interest.

24.  Further, pursuant to the provisions of the OAR and Amended OAR, the Receiver remains in control of the management of Debtor.

25.  The Hotel is closed and it will take millions of dollars to cure the building deficiencies and re-open it.  There is no reasonable likelihood of Debtor's rehabilitation of the Hotel.

26.  As set forth herein, the Debtors grossly mismanaged the Hotel while it was in their control, necessitating the appointment of the Receiver.

27.  The Receiver, in the exercise of his management authority over Debtor, requests that the Debtor's chapter 11 case be dismissed in accordance with 11 USC §1112(b)(1) as it is not in the best interests of the creditors and the estate. In pertinent part 11 USC §1112(b)(1) states:

> ...on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert the case under this chapter to a case

7

under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

28.   The term "cause" as used above is defined in 11 USC §1112(b)(4).  As set forth in herein, and in the attached Reports of Receiver, §1112(b)(4) subsections (A), (B), (C), (D) and (E) all apply to the instant case:

(4) For purposes of this subsection, the term "cause" includes –
(A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
(B) gross mismanagement of the estate;
(C) failure to maintain appropriate insurance that poses a risk to the estate or the public;
(D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;
(E) failure to comply with an order of the court;

29.   Alternatively, if the Court finds unusual circumstances and is not inclined to dismiss Debtor's chapter 11 case, the Receiver requests that, as a custodian, he be excused from turnover.

30.   Under 11 USC § 543(a) and (b), custodians with knowledge of the commencement of a bankruptcy case concerning the debtor must cease administration of debtor's property, deliver to the trustee any property of the debtor held by or transferred to such custodian, and file an accounting.

31. The Receiver seeks to be excused from the turnover provisions of 11 U.S.C. § 543, pursuant to § 543(d)(1) which states:

After notice and hearing, the bankruptcy court—

May excuse compliance with subsection (a), (b) or (c) of this section if the interests of creditors . . . would be better served by permitting a custodian to continue in possession, custody, or control of such property . . .

32.  The Receiver has been in continuous possession, custody and control of the

8

Hotel since June of 2009.  Since the Receiver's appointment, the Debtor has not provided financial assistance for the preservation or management of the Hotel.

33.  The Receiver submits that the interests of creditors would be better served by permitting the Receiver to continue in possession, custody, or control of the Hotel.

WHEREFORE, for the reasons set forth herein and in the accompanying brief, the Receiver respectfully requests that this Court dismiss Debtor's chapter 11 case pursuant to 11 USC §1112(b)(1), or in the alternative excuse compliance with 11 U.S.C. § 543(b)(1).

Respectfully submitted,

Dated: November 3, 2010

David Findling, Receiver In Pro Se
415 S. West St., Ste. 200
Royal Oak, MI 48067
(248) 399-9700
David@findlinglaw.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re   Shubh Hotels Detroit, LLC

Case No: 10-42163-EPK
Chapter 11

_____ Debtor_____/

## ORDER DISMISSING DEBTOR'S CHAPTER 11 CASE UNDER 11 U.S.C. §1112(b)(1)

Upon the Motion of the David Findling, State Court Appointed Receiver, and the Court being otherwise fully advised in the premises;

NOW THEREFORE;

IT IS HEREBY ORDERED that based on the record before the Court, the State Court Appointed Receiver ("Receiver") has established cause and the Court finds that dismissal is in the best interests of creditors.

IT IS FURTHER HEREBY ORDERED that the Receiver's Motion to Dismiss Debtor's Chapter 11 Case Under 11 U.S.C. §1112(b)(1) is granted.

IT IS FURTHER ORDERED that Debtor's Chapter 11 Case is dismissed.

1

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re   Shubh Hotels Detroit, LLC

Case No: 10-42163-EPK
Chapter 11

_____ Debtor _____/

## ORDER EXCUSING RECEIVER FROM TURNOVER UNDER 11 U.S.C. §543(d)(1)

Upon the Motion of the David Findling, State Court Appointed Receiver, and the Court being otherwise fully advised in the premises;

NOW THEREFORE;

IT IS HEREBY ORDERED that the State Court Appointed Receiver's ("Receiver") Motion to be Excused from Turnover is granted.

IT IS FURTHER ORDERED that pursuant to 11 U.S.C. §543(d)(1) the Receiver's compliance with § 543(a) and (b)(1) is excused.

1

# Exhibit A

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

MUTUAL BANK, an
Illinois Banking Corporation

    Plaintiff,

-vs-

SHUBH HOTELS DETROIT, LLC, a
Florida limited liability company,
BROADWAY BANK, RUSH
AIR, INC., RODERICK L. JENKINS,
KELLY RUSHMORE, STATE OF MICHIGAN,
INTERLINE BRANDS INC. AND
MAINTENANCE USA, MAY & SUCHER, PLLC,
ATUL BISARIA and MIHU BISARIA,

    Defendants.

MUTUAL BANK v SHUBH HOTELS DETROI
Hon. John A Murphy                    05/27/2009

09-012750-CH

Hertz Schram PC
By:  Kenneth F. Silver (P35546)
     Laurie S. Raab (P48638)
1760 S. Telegraph Road
Suite 300
Bloomfield Hills, MI  48302
(248) 335-5000

LAW OFFICES HERTZ SCHRAM PC

## ORDER APPOINTING RECEIVER AND
## GRANTING TEMPORARY RESTRAINING ORDER

At a session of said Court held in the City of
Detroit, County of Wayne, State of Michigan
on _____ JUN 26 2009

PRESENT: HONORABLE ___JOHN A. MURPHY___
                    CIRCUIT COURT JUDGE

This matter having come before the Court upon Plaintiff's *Ex Parte* Motion For

Appointment of Receiver and Temporary Restraining Order, the Court having ordered

1

# EXHIBIT A

Defendants to Show Cause as to why the Motion should not be granted, Defendant Shubh Hotels Detroit, L.L.C. having been served with the Motion and the Order to Show Cause, and the Court being otherwise fully advised in the premises:

IT IS HEREBY ORDERED that Plaintiff's *Ex Parte* Motion For Appointment of Receiver and Temporary Restraining Order is granted.

IT IS FURTHER ORDERED that ~~the Hayman Company~~ David Findling ("Receiver") is appointed Receiver of the property commonly known as 2 Washington Boulevard, Detroit, Michigan and all related businesses and services located thereon (collectively, the "Property"). ~~The Hayman Company, 5700 Crooks Road Suite 400, Troy, MI 48098,~~ *The Receiver* shall have the following authority and responsibilities to be undertaken in consultation with Plaintiff (referred to below as the "Bank"):

1.   Maintain the Property in good order and condition and provide general property management services through such qualified vendors and service providers as the Receiver determines;

2.   Establish such bank accounts as Receiver deems necessary and appropriate and collect and receive from any tenant of any portion of the Property all rents now due or to become due;

3.   Oversee the operation of the hotel and all related businesses and services located on the Property, and to take all necessary and reasonable action to protect the Bank's security interest in the assets, including but not limited to ceasing business operations, either directly or through such qualified vendors and service providers as the Receiver determines, including but not limited to, employing personnel and renting rooms at commercially competitive rates and identifying tenants, managers or operators for all or any portion of the Property;

LAW OFFICES HERTZ SCHRAM PC

2

EXHIBIT A

LAW OFFICES HERTZ SCHRAM PC

4.     Retain qualified property management entity to undertake reasonable steps to maximize revenue, including but not limited to, entering into leases and franchise agreements for all or any portion of the Property upon commercially reasonable terms;

5.     Secure and insure the Property against loss or damage by fire, vandalism or other casualty and to maintain premises liability insurance in such amounts as approved by the Bank all for the benefit of Defendants and the Bank;

6.     To the extent funds are available, make payments to the Bank from time to time for any and all amounts due and to become due under the April 16, 2008 Promissory Note executed by Defendant Shubh Hotels Detroit, LLC (the "Note").

7.     Account to the Court and all interested parties within 30 days after the expiration of each calendar quarter, which accounts shall include a description of all receipts and disbursements applicable to the accounting period.

IT IS FURTHER ORDERED that the ~~Hayman Company~~ *Receiver* shall have no authority to pay expenses that accrued prior to the date of this Order without further written authorization from the Bank. The Receiver shall have no obligation to advance funds in the event the Property does not generate adequate revenue to cover operating expenses. Such additional funds as may be necessary to fund operations and to pay expenses associated with the Property may be advanced by the Bank, at the Bank's discretion, which funds shall be added to the principal amount due Bank from Defendant Shubh Hotels Detroit, LLC upon which additional interest shall accrue at the default rate as described in the Note.

IT IS FURTHER ORDERED that ~~for its services provided as Receiver The Hayman Company shall be paid a fee equal to Two Hundred Fifty Dollars ($250) per hour plus all out-of-pocket expenses related to the Receiver's duties. Receiver shall provide a detailed monthly~~

3

# EXHIBIT A

~~invoice to the Bank, which shall be paid within ten (10) days after receipt by Bank.~~ All Receivership fees paid by the Bank shall also be deemed to be an additional advance of principal under the Note for which Defendant Shubh Hotels Detroit, LLC is liable. The Receiver shall have no obligation to continue providing services to the extent any invoice for services rendered remains unpaid for a period of thirty days or upon order of this Court.

IT IS FURTHER ORDERED that the Bank shall have the right to replace or terminate the Receiver upon filing an appropriate motion with this Court and payment of all receivership fees in full. In all cases, the Receiver shall file a full accounting of its activities.

IT IS FURTHER ORDERED that to secure the Receiver's performance, the Receiver shall not be required to post a bond.

IT IS FURTHER ORDERED that Defendant Shubh Hotels Detroit, LLC and its constituent members, employees, officers, employees and all its affiliates, attorneys, agents, successors or assigns are restrained from exercising any dominion or control over the Property in any respect, or from collecting any rents and neither Defendant Shubh Hotels Detroit, LLC, nor anyone acting by or through it, shall have any authority to make decisions concerning the Property or enter into contracts either verbally or in writing affecting the Property or any component thereof.

IT IS FURTHER ORDERED that the Receiver shall undertake any and all additional duties as this Court may require.

IT IS FURTHER ORDERED that the Receiver is authorized to employ any professional necessary for the carrying out of its duties under this Order.

LAW OFFICES HERTZ&SCHRAM PC

4

EXHIBIT A

IT IS FURTHER ORDERED that the Receiver may employ a hotel management company or any other company or individual necessary to maintain and operate the Property as determined by the Receiver.

IT IS FURTHER ORDERED that the Receiver shall enter upon, receive, and take complete possession of the Property, including without limitation, all records, correspondence, books of account, cash, credit and charge card documents, accounts, leases, utility rights and deposits, contra deposits, tenant security deposits, insurance policies, payments and performance bonds, license, permits, orders, books, keys, inventory of parts, bank accounts, checks, financial books and records, sales tax reports, property, operational invoices, and such other property, real or personal, which in any way relate to the maintenance or operation of the Property.  Defendant Shubh Hotels Detroit, LLC shall transfer possession of all such Property to the Receiver and shall turn over to the Receiver any and all funds related to the Property,   including any funds in the operating account and any funds being held for Property repairs within two (2) business days following the date of entry of this Order.

IT IS FURTHER ORDERED that this Order shall remain in effect through the date of entry of judgment in this matter.

_____
JOHN A. MURPHY
CIRCUIT COURT JUDGE

A TRUE COPY
CATHY M. GARRETT
WAYNE COUNTY CLERK

BY_____

Z:\Staff\Silver, Ken\CLIENTS\8658 Mutual Bank\8658-1 (Shubh)\PLDG\Order Apptg Receiver 062509.dcc

5

EXHIBIT A

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

MUTUAL BANK, an
Illinois Banking Corporation,

        Plaintiff,

vs.

SHUBH HOTELS DETROIT, LLC, a
Florida limited liability company,
BROADWAY BANK, RUSH AIR, INC.,
RODERICK L. JENKINS, KELLY
RUSHMORE, STATE OF MICHIGAN,
INTERLINE BRANDS, INC., and
MAINTENANCE USA, MAY & SUCHER , PLLC,
ATUL BISARIA and MIHU BISARIA

        Defendants.

MUTUAL BANK v SHUBH HOTELS DETROI
Hon. John A Murphy     05/27/2009

09-012750-CH

**AMENDED ORDER APPOINTING
RECEIVER**

---

Kenneth F. Silver, P35546
Laurie S. Raab, P48638
Attorneys for Plaintiff
Hertz Schram PC
1760 S. Telegraph Road, Suite 300
Bloomfield Hills, MI 48302
(248) 335- 5000

Shubh Hotels Detroit, LLC
Defendant In Pro Per
2 Washington Blvd
Detroit, MI 48226

Rush Air, Inc.
Defendant In Pro Per
750 N. Riverside Ave
St. Clair, MI 48079

Kelly Rushmore
Defendant In Pro Per
750 N. Riverside Ave
St. Clair, MI 48079

Interline Brands, Inc.
Defendant In Pro Per
712 Abbot Road
East Lansing, MI 48823

May & Sucher, P.L.L.C.
Defendant In Pro Per
5777 West Maple Road
Suite 180
West Bloomfield, MI 48322

David Findling, P43256
Court Appointed Receiver
John Polderman, P65720
The Findling Law Firm, PLC
415 S. West Street
Royal Oak, MI 48067
(248) 399-3300

1

## ORDER APPOINTING RECEIVER

At a session of said Court, held in the
City of Detroit, County of Wayne,
State of Michigan,

on _____ **JUL 01 2009**

PRESENT: Honorable _____ **JOHN A. MURPHY**
Circuit Court Judge

This matter having come before the Court on the Motion of the Plaintiff, and this Court being fully advised in the premises:

NOW THEREFORE;

IT IS ORDERED, that DAVID FINDLING (P43256) of 415 S. West St., #200, Royal Oak, MI 48067 (hereinafter "Receiver") is hereby named and appointed Receiver, with full powers as receiver of all of the assets and property, real, personal or mixed located at 2 Washington Boulevard, Detroit, MI and all related businesses and services located thereon including but not limited to, Shubh Hotels Detroit, LLC, d/b/a Sheraton Detroit Riverside Hotel, (collectively the "Assets" and "Shubh Hotels Detroit, LLC"). The Receiver shall be the agent of this Court while acting under this Order.

### AUTHORITY OF RECEIVER

IT IS FURTHER ORDERED, that the Receiver is hereby granted all powers and authority conferred by statutes and case law, including but not limited to, MCL 600.5201 et seq., to control, sell, encumber, take possession of, lease or liquidate said Assets for the purpose of satisfaction of the provisions of any Judgements and/or Orders entered between the parties.

### DIRECTIVES TO FINANCIAL INSTITUTIONS, EMPLOYERS AND OTHERS

2

IT IS FURTHER ORDERED that pending further Order of this Court, any financial or brokerage institution, business entity, or person, that holds, controls, or maintains custody of any account or asset, or at any time since January 1, 2001, has held, controlled, managed or maintained custody of any account or asset owned by, in the name, or for the benefit of, Shubh Hotels Detroit, LLC, shall:

1. Prohibit Shubh Hotels Detroit, LLC and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, or otherwise disposing of any such asset except as directed by the Receiver;

2. Deny Shubh Hotels Detroit, LLC and all other persons access to any safe deposit box that titled in the name of Shubh Hotels Detroit, LLC either individually or jointly with another person or entity.

3. Provide the Receiver, within five (5) business days of receiving a copy of this Order, a statement setting forth:

   a. the identification number of each and every account or asset titled in the name, individually or jointly, of, or held on behalf of, or for the benefit of Shubh Hotels Detroit, LLC;

   b. the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and

   c. the identification of any safe deposit box that is either titled in the name of Shubh Hotels Detroit, LLC or jointly with, another person or entity or is otherwise subject to access by Shubh Hotels Detroit, LLC;

   d. Upon request by the Receiver, promptly provide the Receiver with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, and all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

3

IT IS FURTHER ORDERED that the Receiver, David Findling has express authority to sign as Receiver, on behalf of Shubh Hotels Detroit, LLC, any checks, bank accounts, drafts, stocks, bonds or other instruments of title and said signature shall have the same legal effect as had Shubh Hotels Detroit, LLC itself signed the same.

IT IS FURTHER ORDERED that the Receiver, David Findling has express authority to attach the assets of Shubh Hotels Detroit, LLC and any employee, owner and/or shareholder of Shubh Hotels Detroit, LLC shall comply with the instructions of the Court's Receiver.

IT IS FURTHER ORDERED that any savings, bank or similar institutions receiving a copy of this Order shall forthwith turn over to the Receiver, David Findling, any and all contents of safety deposit boxes, owned by Shubh Hotels Detroit, LLC, in whole or together with any other individual.

IT IS FURTHER ORDERED that any savings, bank or similar institutions receiving a copy of this Order shall accept the signature of the Receiver, David Findling, to withdraw any and all funds Shubh Hotels Detroit, LLC has the right to withdraw from said institution with the same legal effect as though Shubh Hotels Detroit, LLC had signed.

## THE RECEIVERSHIP ESTATE

IT IS FURTHER ORDERED that the Receiver shall be empowered, but not obligated to:

    e.    Preserve, hold and manage all receiverships assets, and perform all acts necessary to preserve the value of those assets, to prevent any loss, damage or injury;

    f.    Remove any officer, independent contractor, employee, or agent of Shubh Hotels Detroit, LLC, from control and management of the affairs of Shubh Hotels Detroit, LLC;

4

g.    Prevent the withdrawal or misapplication of funds;

h.    Manage and administer all aspects of Shubh Hotels Detroit, LLC by performing all acts incidental thereto that the Receiver deems appropriate, including hiring or dismissing any and all personnel or suspending operations of any business;

i.    Sue for, collect, receive, and take possession of all goods, chattels, rights, credits, moneys, effects, land, leases, documents, books, records, work papers, and records of amounts, including computer-maintained information, and other papers of Shubh Hotels Detroit, LLC, including documents related to customers, clients or limited partners of Shubh Hotels Detroit, LLC whose interests are now held by or under the direction, possession, custody or control of Shubh Hotels Detroit, LLC;

j.    Initiate, defend, compromise, adjust, intervene in, dispose of, or become a party to any actions or proceedings in state, federal or foreign court necessary to preserve or increase the assets of Shubh Hotels Detroit, LLC or to carry out his or her duties pursuant to this Order;

k.    Choose, engage and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

l.    Issue subpoenas to obtain documents and records pertaining to the receivership, and conduct discovery in this action on behalf of the receivership estate;

m.    Open one or more bank accounts as designated depositories for funds of Shubh Hotels Detroit, LLC. The Receiver may deposit all funds of Shubh Hotels Detroit, LLC in such designated accounts and shall make all payments and disbursements from the receivership estate from such accounts; and

n.    Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of this Court, or exercising the authority granted by this Order.

## DELIVERY OF POSSESSION OF PROPERTY TO RECEIVER

IT IS FURTHER ORDERED that this Court commands the Sheriff of Wayne County, or any other court officer that the Court Appointed Receiver may choose to employ, that

5

without delay, you deliver to David Findling, Court Appointed Receiver, possession of the property of Shubh Hotels Detroit, LLC, and if necessary to use FORCE as required and if the premises are not voluntarily opened to use a locksmith for said purpose.

IT IS FURTHER ORDERED that as soon as practicable after service of this Order upon them Shubh Hotels Detroit, LLC, and any other person or entity served with a copy of this Order, shall deliver to the Receiver:

o.    Possession and custody of all funds, assets, property, and all other assets, owned beneficially or otherwise, wherever situated of Shubh Hotels Detroit, LLC;

p.    Possession and custody of documents of Shubh Hotels Detroit, LLC, including but not limited to, all books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents and other papers;

q.    Possession and custody of all precious metals, other commodities, funds, and other assets being held by or on the behalf of Shubh Hotels Detroit, LLC;

r.    All keys, computer passwords, entry codes, and combination locks necessary to gain access or to secure access to any of the assets or documents of Shubh Hotels Detroit, LLC, including by not limited to; means of communications, account, computer systems, or other property; and .

s.    Information identifying the accounts, employees, properties or other assets or obligations of Shubh Hotels Detroit, LLC.

## POSSESSION OF DOCUMENTS AND RESTRAINT ON DESTRUCTION

IT IS FURTHER ORDERED that the Receiver, David Findling is granted the power to take immediate possession of and to copy: all books, records, notes, memoranda, loan documents, deeds, bills of sale, canceled checks, checks, check ledgers, calendar notes, diary notes, notes, records, books, ledgers, electronically stored data, tape recordings, and computer discs, or any other financial documents or financial information in whatever form belonging to

6

Shubh Hotels Detroit, LLC or any businesses owned or operated by Shubh Hotels Detroit, LLC.

IT IS FURTHER ORDERED that Shubh Hotels Detroit, LLC and all persons or entities who receive notice of this Order by personal service or otherwise, are restrained and enjoined from directly or indirectly destroying, mutilating, erasing, altering, concealing, or disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or business or personal finances of Shubh Hotels Detroit, LLC.

## RESTRAINT ON TRANSFER OF PROPERTY

IT IS FURTHER ORDERED that except as otherwise ordered by this Court, Shubh Hotels Detroit, LLC, its shareholders or officers are restrained and enjoined from directly or indirectly:

t.     Transferring, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, dissipating, converting, withdrawing, or otherwise disposing of the Assets, including assets held in corporate or partnership accounts in which Shubh Hotels Detroit, LLC has an interest, and assets held outside the United States, except as otherwise ordered by this Court; and

u.     Opening or causing to be opened any safe deposit boxes titled in the name of, or subject to access by Shubh Hotels Detroit, LLC.

## RESTRAINT ON ACTION BY CREDITORS

IT IS FURTHER ORDERED that except by leave of this Court, during the pendency of the receivership, Shubh Hotels Detroit, LLC, and all other persons, creditors and entities be and hereby are stayed from taking any action to establish or enforce any claim, right or interest for, against, on behalf of, in, or in the name of Shubh Hotels Detroit, LLC, the Receiver, receivership assets, or the Receiver's duly authorized agents acting in their capacities as such, including but not limited to, the following actions:

7

v.    Commencing, prosecuting, litigating or enforcing any suit, except that actions may be filed to toll any applicable statute of limitations;

w.    Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, property of Shubh Hotels Detroit, LLC or any property claimed by Shubh Hotels Detroit, LLC, or attempting to foreclose, forfeit, alter or terminate any of Shubh Hotels Detroit, LLC's interest in property, whether such acts are part of a judicial proceeding or otherwise;

x.    Using self-help or executing or issuing, or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon any property, wherever located, owned by or in the possession of Shubh Hotels Detroit, LLC or the Receiver, or any agent of the Receiver; and

y.    Doing any act or thing to interfere with the Receiver taking control, possession or management of the property subject to the receivership, or to in any way interfere with the Receiver or the duties of the Receiver; or to interfere with the exclusive jurisdiction of this Court over the property and assets of Shubh Hotels Detroit, LLC.

This paragraph does not stay the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

## PRIORITY OF CLAIMS AND DISPOSITION OF RECEIVERSHIP PROPERTY

IT IS FURTHER ORDERED that any and all monies, cash, funds, sale proceeds from the sale of assets and/or property, and other receipts that come into the possession of the Receiver, shall be applied to the following expenses in the following order of priority:

1.    To pay the fees and expenses of the Receiver; and
2.    To pay the unpaid obligations of Shubh Hotels Detroit, LLC.

IT IS FURTHER ORDERED that the Receiver, David Findling, shall deposit into a fiduciary checking account any and all monies, cash, funds, sale proceeds from the sale of assets and/or property and shall apply those funds consistent with the orders of this Court.

8

IT IS FURTHER ORDERED that the Defendant, Shubh Hotels Detroit, LLC shall be responsible for the payment of the fees and costs of the Receiver except as otherwise provided herein.

## RECEIVER'S COMPENSATION

IT IS FURTHER ORDERED that the Receiver and all personnel hired by the Receiver, including counsel to the Receiver, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for reimbursement of out-of-pocket expenses. The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation.

## IMMUNITY OF RECEIVER

IT IS FURTHER ORDERED that the Receiver, while lawfully acting as such, is deemed an agent of the Court and is entitled to and shall have immunity to the fullest extent of the law, and the parties shall otherwise fully indemnify and hold the Receiver, safe and harmless from and against any and all causes of action, suit, proceedings, claims, demands, suits, losses, damages and liability, including costs and a reasonable receiver and attorney's fee ("Claims"), in any manner arising from, in connection with or relating to any of the Assets and/or in the course of his acting in such court appointed capacity.

## BOND OF RECEIVER

IT IS FURTHER ORDERED that the Receiver shall serve by posting a surety bond.

## INSURANCE

IT IS FURTHER ORDERED that the Receiver shall secure and insure the Assets against loss or damage by fire, vandalism, or other casualty and maintain the premises liability

9

insurance in such amounts as approved by the Plaintiff, all for the benefit of Defendants and Plaintiff.

IT IS FURTHER ORDERED that the Register of Deeds shall accept a certified copy of this Order for recording, against any real property in which the Receiver determines that Shubh Hotels Detroit, LLC has an interest.

## RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that the balance of any Judgment or Orders of this Court previously entered shall remain in full force and effect and this Court retains jurisdiction of this matter for all purposes.

## MISCELLANEOUS PROVISIONS

IT IS FURTHER HEREBY ORDERED that the Plaintiff shall have the right to replace or terminate the Receiver upon filing an appropriate motion with this Court and payment of all receivers fees in full. In all cases the Receiver shall file a full accounting of its activities.

IT IS FURTHER HEREBY ORDERED that all receivership fees paid by the Plaintiff shall be deemed an additional advance of principal under the Note for which Defendant Shubh Hotels Detroit, LLC is liable. The Receiver shall have no obligation to continue to provide services to the extent any invoice for services rendered remains unpaid for a period of thirty days or upon order of this Court.

IT IS FURTHER HEREBY ORDERED that the Receiver shall account to the Court and all interested parties within 30 days after the expiration of each calender quarter, which accounts shall include a description of all receipts and disbursements applicable to the accounting period.

JOHN A. MURPHY

_____

Circuit Court Judge

G:\David\WP61\S - T\Shubh Hotels\OAR.wpd(David)

A TRUE COPY
CATHY M. GARRETT
WAYNE COUNTY CLERK

BY _____
DEPUTY CLERK

11

# Exhibit B

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

MUTUAL BANK, an
Illinois Banking Corporation,

                              Hon. John A. Murphy

      Plaintiff,                 Case No. 09-012750-CH

v

SHUBH HOTELS DETROIT, LLC, a
Florida limited liability company,           **COURT APPOINTED**
BROADWAY BANK, RUSH AIR, INC.,     **RECEIVER'S REPORT AND**
RODERICK L. JENKINS, KELLY            **MOTION FOR INSTRUCTIONS**
RUSHMORE, STATE OF MICHIGAN,
INTERLINE BRANDS, INC., and
MAINTENANCE USA, MAY & SUCHER , PLLC,
ATUL BISARIA and MIHU BISARIA,

          Defendants.

| | |
|---|---|
| Kenneth F. Silver, P35546<br>Laurie S. Raab, P48638<br>Attorneys for Plaintiff<br>Hertz Schram PC<br>1760 S. Telegraph Road, Suite 300<br>Bloomfield Hills, MI 48302<br>(248) 335- 5000 | Kelly Rushmore<br>Defendant In Pro Per<br>750 N. Riverside Ave<br>St. Clair, MI 48079 |
| | Interline Brands, Inc.<br>Defendant In Pro Per<br>712 Abbot Road<br>East Lansing, MI 48823 |
| Shubh Hotels Detroit, LLC<br>Defendant In Pro Per<br>c/o Christopher Ott, Resident Agent<br>2 Washington Blvd<br>Detroit, MI 48226 | May & Sucher, P.L.L.C.<br>Defendant In Pro Per<br>5777 West Maple Road,Suite 180<br>West Bloomfield, MI 48322 |
| Rush Air, Inc.<br>Defendant In Pro Per<br>c/o Kelly Rushmore, Resident Agent<br>750 N. Riverside Ave<br>St. Clair, MI 48079 | David Findling, P43256<br>Court Appointed Receiver<br>Erica J. Ehrlichman, P64519<br>The Findling Law Firm, PLC<br>415 S. West Street<br>Royal Oak,  MI  48067<br>(248) 399-3300 |

The Findling Law Firm℠

A FAMILY OF LAWYERS℠

## COURT APPOINTED RECEIVER'S REPORT AND MOTION FOR INSTRUCTIONS

On June 26, 2009, David Findling was appointed Receiver of the Detroit Riverside Hotel, 2 Washington Avenue, Detroit, Michigan (the "Hotel"). The Hotel, still commonly known in Detroit as the old Pontchartrain Hotel, is a 25-story, 367- room hotel on the corner of Jefferson and Washington Streets and across from Cobo Hall. The Receiver obtained notice of the appointment on June 29, 2009, and immediately commenced work. The Hotel is titled to Shubh Hotels Detroit, LLC, a Florida Limited Liability Company. It was a Sheraton for about a year, when it lost its franchise rights in August of 2008 for non-payment of franchise fees. It is currently an independent hotel. In accordance with the directives in the Order Appointing Receiver, upon appointment the Receiver informed and directed the staff at the Hotel to continue operations.

The first weeks were spent ascertaining the status of the building and the business, meeting with employees, performing an audit of the inventory, and obtaining information concerning all issues which required immediate attention. In summary, the hot button items included insuring the premises, keeping the utilities on, stopping execution of writs for collection on judgments, assessing the mechanical issues/ building code violations so that a certificate of occupancy may be obtained to keep the hotel open, payment of employee wages (the employees had not that had not been paid for two months), and maintaining security, as theft from the premises has been a recurring problem. On July 9th the Receiver made his first report to the Plaintiff, Mutual Bank, concerning the status of the Detroit Riverside Hotel property, as well as a request for an advance for necessary expenses to keep the business operable.

2

The Hotel looks good on the inside. All of the wall and floor finishes are new, the furniture and fixtures are new, and the place can look sharp. There is a full service restaurant and bar, multiple ballrooms and meeting rooms, a pool, workout room, and valet parking in addition to the 367 newly remodeled guest rooms. However, that is a facade on a building with multiple fire safety, mechanical, and building code issues.

Upon his appointment, the Receiver found that there was a core group of employees that continued to show up to run the Hotel, despite not receiving wages in several months. Other employees, reasonably disgruntled after not receiving their earnings, would show up on a random basis to stand in line in the guest lobby demanding wages. This has had a negative impact on business and this story has made the local news as well. The Receiver has been contacted by a State of Michigan Department of Labor investigator pertaining to the unpaid wages as many if not most of the employees have filed complaints with the State. The Receiver, with the assistance of a $20,000 disbursement from Mutual Bank, has remained current on payment of payroll accrued since his appointment on June 26th. The payroll accrued but unpaid prior to the Receiver's appointment remains unpaid.

Upon his appointment the Receiver found that theft had been rampant throughout the hotel. Prior to the receivership, parts of the security system were stolen and so it is not operable, many flat-screen TV's have been stolen, and the General Manager's computer and several hotel checks were stolen. Unpaid employees are primary suspects. As a result key card access has been severely limited. Nonetheless, there are a multitude of hidden entrances/exits on all sides of the hotel (fire stairwells, loading dock, kitchen doors, etc.), and in the parking garage, permitting individuals access to the hotel out of view of the lobby employees or

3

security.  Round the clock security was hired to patrol all of the entrances/exits, and a locksmith was employed to ensure that the fire exits open only from the inside, and to secure unused areas of the hotel.  An audit of the inventory was performed and is attached.

In order to keep the Hotel open, the state of the building needs to be immediately addressed.  On July 1, 2009, the City of Detroit Building Division reports concerning building and  mechanical violations pursuant to inspections of the premises made just one day prior to the Receiver's appointment, on June 25, 2009.  In our conversations with the Building Department, they have indicated that they are unwilling to provide an extension to cure the violations, and will be issuing a ticket (which will most likely provide 30 days to cure the violations).  One of the reports provides that these items must be corrected or they will issue an order to vacate and discontinue use of the building.

Other significant issues which require immediate attention include:

(1) none of the five elevators are certified

(2) there are six outstanding fire code violation tickets for issues related to fire safety

(3) there is no operable fire suppression water pump as the new one was repossessed for non-payment

(4) the one operable domestic water pump leaks (flows) continuously and requires significant repairs or replacement

(5) the building requires a new fire alarm panel

(6) there are no current health department permits for the kitchen facilities; and

(7) there are significant problems with the chillers, as the air conditioning does not work.

4

Further, the Hotel is in arrears in payment for steam heat with Detroit Thermal in excess of $254,000, and the water bill exceeds $96,000.00, fifty percent of which needs to be quickly paid to maintain water service to the Hotel. The Receiver has been informed that the funds to address the aforementioned issues have not been available, which may be a credible report, as there is over $2.4 million in known unsecured debt.

The Receiver requested funds from Mutual Bank to cure the aforementioned fire safety, mechanical and building code violations and for operations. Mutual Bank did not provide the requested funds, however, as mentioned earlier in the report, did provide $20,000.00 for payroll costs. The last contact the Receiver had with a Mutual Bank employee, the Receiver was informed that the bank was being closed by the FDIC. On Friday, July 31, 2009, the State of Illinois Department of Financial Professional Regulation's division of banking closed Mutual Bank, and appointed the FDIC as receiver.

United Central Bank of Garland, Texas, assumed Mutual Bank's deposits and assets, including the Hotel. The Receiver has been in contact with an asset manager with United Central Bank, who was formerly with Mutual Bank and familiar with the hotel. A report was provided by the Receiver to the bank, the objective of which was to provide information which would help evaluate whether to keep the Detroit Riverside Hotel open, or to close it.

The Hotel has greater value as an on-going concern, however the values received from two commercial real estate brokers do not even approach the $34,000,000.00 in outstanding mortgages for the property. The Receiver has obtained two Broker's Opinions of Value (BOV), one from NAI Farbman, which crunched the numbers for this property and came up with a value of $2,000,000.00 to $4,500,000.00, and Signature Associates, which based its BOV on

5

comparable property values and came up with a value of $7,000,000.00 to $11,000,000.00.

As an open Hotel, it is bringing in income to off-set the expenses, however in its current state it has an operational shortfall of approximately a $100,000 per month, and therefore there are no funds in the hands of the Receiver to address any building repairs. Another significant consideration is that the real property is more secure when the Hotel is occupied and operable. As a shuttered building, the steam heat, electricity and water must be maintained for fire suppression and to prevent pipes from bursting in cold weather, at an estimated cost of $79,000 per month. Regardless of the negative impact upon the Hotel's value, it is the Receiver's recommendation that a voluntary closure must occur if the aforementioned fire safety, mechanical issues and building code violations are not soon cured, or the City of Detroit will mandate the building's closure. To date neither party has been forthcoming with funds to allow for the necessary building repairs to bring the property up to code.

WHEREFORE, David Findling, Court Appointed Receiver, seeks instruction from this Court as to the disposition of the asset, the Detroit Riverside Hotel.

Respectfully submitted,

Dated: August 7, 2009

Erica J. Ehrlichman (P64519)
Attorney for David Findling, Receiver
415 S. West Street
Royal Oak, MI 48067
(248) 399-3300

6

# Exhibit A

# Order Appointing Receiver and Amended Order Appointing Receiver

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

MUTUAL BANK, an
Illinois Banking Corporation

      Plaintiff,

-vs-

SHUBH HOTELS DETROIT, LLC, a
Florida limited liability company,
BROADWAY BANK, RUSH
AIR, INC., RODERICK L. JENKINS,
KELLY RUSHMORE, STATE OF MICHIGAN,
INTERLINE BRANDS INC. AND
MAINTENANCE USA, MAY & SUCHER, PLLC,
ATUL BISARIA and MIHU BISARIA,

      Defendants.

_____/

Hertz Schram PC
By:  Kenneth F. Silver (P35546)
      Laurie S. Raab (P48638)
1760 S. Telegraph Road
Suite 300
Bloomfield Hills, MI 48302
(248) 335-5000

_____/

MUTUAL BANK v SHUBH HOTELS DETROI
Hon. John A Murphy                    08/27/2009

09-012760-CH

## ORDER APPOINTING RECEIVER AND
## GRANTING TEMPORARY RESTRAINING ORDER

At a session of said Court held in the City of
Detroit, County of Wayne, State of Michigan
on _____ JUN 26 2009

PRESENT: HONORABLE  JOHN A. MURPHY
                       CIRCUIT COURT JUDGE

This matter having come before the Court upon Plaintiff's *Ex Parte* Motion For

Appointment of Receiver and Temporary Restraining Order, the Court having ordered

1

Defendants to Show Cause as to why the Motion should not be granted, Defendant Shubh Hotels Detroit, L.L.C. having been served with the Motion and the Order to Show Cause, and the Court being otherwise fully advised in the premises:

IT IS HEREBY ORDERED that Plaintiff's *Ex Parte* Motion For Appointment of Receiver and Temporary Restraining Order is granted.

IT IS FURTHER ORDERED that ~~the Hayman Company~~ David Findling ("Receiver") is appointed Receiver of the property commonly known as 2 Washington Boulevard, Detroit, Michigan and all related businesses and services located thereon (collectively, the "Property"). ~~The Hayman Company, 5700 Crooks Road Suite 400, Troy, MI 48098,~~ The Receiver shall have the following authority and responsibilities to be undertaken in consultation with Plaintiff (referred to below as the "Bank"):

1.    Maintain the Property in good order and condition and provide general property management services through such qualified vendors and service providers as the Receiver determines;

2.    Establish such bank accounts as Receiver deems necessary and appropriate and collect and receive from any tenant of any portion of the Property all rents now due or to become due;

3.    Oversee the operation of the hotel and all related businesses and services located on the Property, and to take all necessary and reasonable action to protect the Bank's security interest in the assets, including but not limited to ceasing business operations, either directly or through such qualified vendors and service providers as the Receiver determines, including but not limited to, employing personnel and renting rooms at commercially competitive rates and identifying tenants, managers or operators for all or any portion of the Property;

2

4.     Retain qualified property management entity to undertake reasonable steps to maximize revenue, including but not limited to, entering into leases and franchise agreements for all or any portion of the Property upon commercially reasonable terms;

5.     Secure and insure the Property against loss or damage by fire, vandalism or other casualty and to maintain premises liability insurance in such amounts as approved by the Bank all for the benefit of Defendants and the Bank;

6.     To the extent funds are available, make payments to the Bank from time to time for any and all amounts due and to become due under the April 16, 2008 Promissory Note executed by Defendant Shubh Hotels Detroit, LLC (the "Note").

7.     Account to the Court and all interested parties within 30 days after the expiration of each calendar quarter, which accounts shall include a description of all receipts and disbursements applicable to the accounting period.

IT IS FURTHER ORDERED that the ~~Hayman Company~~ *Receiver* shall have no authority to pay expenses that accrued prior to the date of this Order without further written authorization from the Bank.  The Receiver shall have no obligation to advance funds in the event the Property does not generate adequate revenue to cover operating expenses.  Such additional funds as may be necessary to fund operations and to pay expenses associated with the Property may be advanced by the Bank, at the Bank's discretion, which funds shall be added to the principal amount due Bank from Defendant Shubh Hotels Detroit, LLC upon which additional interest shall accrue at the default rate as described in the Note.

IT IS FURTHER ORDERED that ~~for its services provided as Receiver The Hayman Company shall be paid a fee equal to Two Hundred Fifty Dollars ($250) per hour plus all out-of-pocket expenses related to the Receiver's duties.  Receiver shall provide a detailed monthly~~

3

LAW OFFICES HERTZ SCHRAM PC

~~invoice to the Bank, which shall be paid within ten (10) days after receipt by Bank.~~ All Receivership fees paid by the Bank shall also be deemed to be an additional advance of principal under the Note for which Defendant Shubh Hotels Detroit, LLC is liable. The Receiver shall have no obligation to continue providing services to the extent any invoice for services rendered remains unpaid for a period of thirty days or upon order of this Court.

IT IS FURTHER ORDERED that the Bank shall have the right to replace or terminate the Receiver upon filing an appropriate motion with this Court and payment of all receivership fees in full. In all cases, the Receiver shall file a full accounting of its activities.

IT IS FURTHER ORDERED that to secure the Receiver's performance, the Receiver shall not be required to post a bond.

IT IS FURTHER ORDERED that Defendant Shubh Hotels Detroit, LLC and its constituent members, employees, officers, employees and all its affiliates, attorneys, agents, successors or assigns are restrained from exercising any dominion or control over the Property in any respect, or from collecting any rents and neither Defendant Shubh Hotels Detroit, LLC, nor anyone acting by or through it, shall have any authority to make decisions concerning the Property or enter into contracts either verbally or in writing affecting the Property or any component thereof.

IT IS FURTHER ORDERED that the Receiver shall undertake any and all additional duties as this Court may require.

IT IS FURTHER ORDERED that the Receiver is authorized to employ any professional necessary for the carrying out of its duties under this Order.

4

IT IS FURTHER ORDERED that the Receiver may employ a hotel management company or any other company or individual necessary to maintain and operate the Property as determined by the Receiver.

IT IS FURTHER ORDERED that the Receiver shall enter upon, receive, and take complete possession of the Property, including without limitation, all records, correspondence, books of account, cash, credit and charge card documents, accounts, leases, utility rights and deposits, contra deposits, tenant security deposits, insurance policies, payments and performance bonds, license, permits, orders, books, keys, inventory of parts, bank accounts, checks, financial books and records, sales tax reports, property, operational invoices, and such other property, real or personal, which in any way relate to the maintenance or operation of the Property. Defendant Shubh Hotels Detroit, LLC shall transfer possession of all such Property to the Receiver and shall turn over to the Receiver any and all funds related to the Property, including any funds in the operating account and any funds being held for Property repairs within two (2) business days following the date of entry of this Order.

IT IS FURTHER ORDERED that this Order shall remain in effect through the date of entry of judgment in this matter.

_____
JOHN A. MURPHY
CIRCUIT COURT JUDGE


A TRUE COPY
CATHY M. GARRETT
WAYNE COUNTY CLERK
BY _____
DEPUTY

Z:\Staff\Silver, Ken\CLIENTS\8658 Mutual Bank\8658-1 (Shubh)\PLDG\Order Apptg Receiver 060509.doc

LAW OFFICES HERTZ SCHRAM PC

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

MUTUAL BANK, an
Illinois Banking Corporation,

        Plaintiff,

vs.

SHUBH HOTELS DETROIT, LLC, a
Florida limited liability company,
BROADWAY BANK, RUSH AIR, INC.,
RODERICK L. JENKINS, KELLY
RUSHMORE, STATE OF MICHIGAN,
INTERLINE BRANDS, INC., and
MAINTENANCE USA, MAY & SUCHER , PLLC,
ATUL BISARIA and MIHU BISARIA

        Defendants.

MUTUAL BANK v SHUBH HOTELS DETROI
Hon. John A Murphy    05/27/2009

09-012750-CH

**AMENDED ORDER APPOINTING**
**RECEIVER**

---

Kenneth F. Silver, P35546
Laurie S. Raab, P48638
Attorneys for Plaintiff
Hertz Schram PC
1760 S. Telegraph Road, Suite 300
Bloomfield Hills, MI 48302
(248) 335- 5000

Shubh Hotels Detroit, LLC
Defendant In Pro Per
2 Washington Blvd
Detroit, MI 48226

Rush Air, Inc.
Defendant In Pro Per
750 N. Riverside Ave
St. Clair, MI 48079

Kelly Rushmore
Defendant In Pro Per
750 N. Riverside Ave
St. Clair, MI 48079

Interline Brands, Inc.
Defendant In Pro Per
712 Abbot Road
East Lansing, MI 48823

May & Sucher, P.L.L.C.
Defendant In Pro Per
5777 West Maple Road
Suite 180
West Bloomfield, MI 48322

David Findling, P43256
Court Appointed Receiver
John Polderman, P65720
The Findling Law Firm, PLC
415 S. West Street
Royal Oak, MI 48067
(248) 399-3300

1

## ORDER APPOINTING RECEIVER

At a session of said Court, held in the
City of Detroit, County of Wayne,
State of Michigan,

on _____ **JUL 0 1 2009**

PRESENT: Honorable _____ **JOHN A. MURPHY**

Circuit Court Judge

This matter having come before the Court on the Motion of the Plaintiff, and this Court being fully advised in the premises:

NOW THEREFORE;

IT IS ORDERED, that DAVID FINDLING (P43256) of 415 S. West St., #200, Royal Oak, MI 48067 (hereinafter "Receiver") is hereby named and appointed Receiver, with full powers as receiver of all of the assets and property, real, personal or mixed located at 2 Washington Boulevard, Detroit, MI and all related businesses and services located thereon including but not limited to, Shubh Hotels Detroit, LLC, d/b/a Sheraton Detroit Riverside Hotel, (collectively the "Assets" and "Shubh Hotels Detroit, LLC"). The Receiver shall be the agent of this Court while acting under this Order.

### AUTHORITY OF RECEIVER

IT IS FURTHER ORDERED, that the Receiver is hereby granted all powers and authority conferred by statutes and case law, including but not limited to, MCL 600.5201 et seq., to control, sell, encumber, take possession of, lease or liquidate said Assets for the purpose of satisfaction of the provisions of any Judgements and/or Orders entered between the parties.

### DIRECTIVES TO FINANCIAL INSTITUTIONS, EMPLOYERS AND OTHERS

2

IT IS FURTHER ORDERED that pending further Order of this Court, any financial or brokerage institution, business entity, or person, that holds, controls, or maintains custody of any account or asset, or at any time since January 1, 2001, has held, controlled, managed or maintained custody of any account or asset owned by, in the name, or for the benefit of, Shubh Hotels Detroit, LLC, shall:

1. Prohibit Shubh Hotels Detroit, LLC and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, or otherwise disposing of any such asset except as directed by the Receiver;

2. Deny Shubh Hotels Detroit, LLC and all other persons access to any safe deposit box that titled in the name of Shubh Hotels Detroit, LLC either individually or jointly with another person or entity.

3. Provide the Receiver, within five (5) business days of receiving a copy of this Order, a statement setting forth:

   a. the identification number of each and every account or asset titled in the name, individually or jointly, of, or held on behalf of, or for the benefit of Shubh Hotels Detroit, LLC;

   b. the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and

   c. the identification of any safe deposit box that is either titled in the name of Shubh Hotels Detroit, LLC or jointly with, another person or entity or is otherwise subject to access by Shubh Hotels Detroit, LLC;

   d. Upon request by the Receiver, promptly provide the Receiver with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, and all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

3

IT IS FURTHER ORDERED that the Receiver, David Findling has express authority to sign as Receiver, on behalf of Shubh Hotels Detroit, LLC, any checks, bank accounts, drafts, stocks, bonds or other instruments of title and said signature shall have the same legal effect as had Shubh Hotels Detroit, LLC itself signed the same.

IT IS FURTHER ORDERED that the Receiver, David Findling has express authority to attach the assets of Shubh Hotels Detroit, LLC and any employee, owner and/or shareholder of Shubh Hotels Detroit, LLC shall comply with the instructions of the Court's Receiver.

IT IS FURTHER ORDERED that any savings, bank or similar institutions receiving a copy of this Order shall forthwith turn over to the Receiver, David Findling, any and all contents of safety deposit boxes, owned by Shubh Hotels Detroit, LLC, in whole or together with any other individual.

IT IS FURTHER ORDERED that any savings, bank or similar institutions receiving a copy of this Order shall accept the signature of the Receiver, David Findling, to withdraw any and all funds Shubh Hotels Detroit, LLC has the right to withdraw from said institution with the same legal effect as though Shubh Hotels Detroit, LLC had signed.

## THE RECEIVERSHIP ESTATE

IT IS FURTHER ORDERED that the Receiver shall be empowered, but not obligated to:

    c.    Preserve, hold and manage all receiverships assets, and perform all acts necessary to preserve the value of those assets, to prevent any loss, damage or injury;

    f.    Remove any officer, independent contractor, employee, or agent of Shubh Hotels Detroit, LLC, from control and management of the affairs of Shubh Hotels Detroit, LLC;

4

g.     Prevent the withdrawal or misapplication of funds;

h.     Manage and administer all aspects of Shubh Hotels Detroit, LLC by performing all acts incidental thereto that the Receiver deems appropriate, including hiring or dismissing any and all personnel or suspending operations of any business;

i.     Sue for, collect, receive, and take possession of all goods, chattels, rights, credits, moneys, effects, land, leases, documents, books, records, work papers, and records of amounts, including computer-maintained information, and other papers of Shubh Hotels Detroit, LLC, including documents related to customers, clients or limited partners of Shubh Hotels Detroit, LLC whose interests are now held by or under the direction, possession, custody or control of Shubh Hotels Detroit, LLC;

j.     Initiate, defend, compromise, adjust, intervene in, dispose of, or become a party to any actions or proceedings in state, federal or foreign court necessary to preserve or increase the assets of Shubh Hotels Detroit, LLC or to carry out his or her duties pursuant to this Order;

k.     Choose, engage and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

l.     Issue subpoenas to obtain documents and records pertaining to the receivership, and conduct discovery in this action on behalf of the receivership estate;

m.     Open one or more bank accounts as designated depositories for funds of Shubh Hotels Detroit, LLC. The Receiver may deposit all funds of Shubh Hotels Detroit, LLC in such designated accounts and shall make all payments and disbursements from the receivership estate from such accounts; and

n.     Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of this Court, or exercising the authority granted by this Order.

## DELIVERY OF POSSESSION OF PROPERTY TO RECEIVER

IT IS FURTHER ORDERED that this Court commands the Sheriff of Wayne County, or any other court officer that the Court Appointed Receiver may choose to employ, that

5

without delay, you deliver to David Findling, Court Appointed Receiver, possession of the property of Shubh Hotels Detroit, LLC, and if necessary to use FORCE as required and if the premises are not voluntarily opened to use a locksmith for said purpose.

IT IS FURTHER ORDERED that as soon as practicable after service of this Order upon them Shubh Hotels Detroit, LLC, and any other person or entity served with a copy of this Order, shall deliver to the Receiver:

o.  Possession and custody of all funds, assets, property, and all other assets, owned beneficially or otherwise, wherever situated of Shubh Hotels Detroit, LLC;

p.  Possession and custody of documents of Shubh Hotels Detroit, LLC, including but not limited to, all books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents and other papers;

q.  Possession and custody of all precious metals, other commodities, funds, and other assets being held by or on the behalf of Shubh Hotels Detroit, LLC;

r.  All keys, computer passwords, entry codes, and combination locks necessary to gain access or to secure access to any of the assets or documents of Shubh Hotels Detroit, LLC, including by not limited to; means of communications, account, computer systems, or other property; and .

s.  Information identifying the accounts, employees, properties or other assets or obligations of Shubh Hotels Detroit, LLC.

## POSSESSION OF DOCUMENTS AND RESTRAINT ON DESTRUCTION

IT IS FURTHER ORDERED that the Receiver, David Findling is granted the power to take immediate possession of and to copy: all books, records, notes, memoranda, loan documents, deeds, bills of sale, canceled checks, checks, check ledgers, calendar notes, diary notes, notes, records, books, ledgers, electronically stored data, tape recordings, and computer discs, or any other financial documents or financial information in whatever form belonging to

6

Shubh Hotels Detroit, LLC or any businesses owned or operated by Shubh Hotels Detroit, LLC.

IT IS FURTHER ORDERED that Shubh Hotels Detroit, LLC and all persons or entities who receive notice of this Order by personal service or otherwise, are restrained and enjoined from directly or indirectly destroying, mutilating, erasing, altering, concealing, or disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or business or personal finances of Shubh Hotels Detroit, LLC.

## RESTRAINT ON TRANSFER OF PROPERTY

IT IS FURTHER ORDERED that except as otherwise ordered by this Court, Shubh Hotels Detroit, LLC, its shareholders or officers are restrained and enjoined from directly or indirectly:

t.   Transferring, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, dissipating, converting, withdrawing, or otherwise disposing of the Assets, including assets held in corporate or partnership accounts in which Shubh Hotels Detroit, LLC has an interest, and assets held outside the United States, except as otherwise ordered by this Court; and

u.   Opening or causing to be opened any safe deposit boxes titled in the name of, or subject to access by Shubh Hotels Detroit, LLC.

## RESTRAINT ON ACTION BY CREDITORS

IT IS FURTHER ORDERED that except by leave of this Court, during the pendency of the receivership, Shubh Hotels Detroit, LLC, and all other persons, creditors and entities be and hereby are stayed from taking any action to establish or enforce any claim, right or interest for, against, on behalf of, in, or in the name of Shubh Hotels Detroit, LLC, the Receiver, receivership assets, or the Receiver's duly authorized agents acting in their capacities as such, including but not limited to, the following actions:

7

v.  Commencing, prosecuting, litigating or enforcing any suit, except that actions may be filed to toll any applicable statute of limitations;

w.  Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, property of Shubh Hotels Detroit, LLC or any property claimed by Shubh Hotels Detroit, LLC, or attempting to foreclose, forfeit, alter or terminate any of Shubh Hotels Detroit, LLC's interest in property, whether such acts are part of a judicial proceeding or otherwise;

x.  Using self-help or executing or issuing, or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon any property, wherever located, owned by or in the possession of Shubh Hotels Detroit, LLC or the Receiver, or any agent of the Receiver; and

y.  Doing any act or thing to interfere with the Receiver taking control, possession or management of the property subject to the receivership, or to in any way interfere with the Receiver or the duties of the Receiver; or to interfere with the exclusive jurisdiction of this Court over the property and assets of Shubh Hotels Detroit, LLC.

This paragraph does not stay the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

## PRIORITY OF CLAIMS AND DISPOSITION OF RECEIVERSHIP PROPERTY

IT IS FURTHER ORDERED that any and all monies, cash, funds, sale proceeds from the sale of assets and/or property, and other receipts that come into the possession of the Receiver, shall be applied to the following expenses in the following order of priority:

1.  To pay the fees and expenses of the Receiver; and
2.  To pay the unpaid obligations of Shubh Hotels Detroit, LLC.

IT IS FURTHER ORDERED that the Receiver, David Findling, shall deposit into a fiduciary checking account any and all monies, cash, funds, sale proceeds from the sale of assets and/or property and shall apply those funds consistent with the orders of this Court.

8

IT IS FURTHER ORDERED that the Defendant, Shubh Hotels Detroit, LLC shall be responsible for the payment of the fees and costs of the Receiver except as otherwise provided herein.

## RECEIVER'S COMPENSATION

IT IS FURTHER ORDERED that the Receiver and all personnel hired by the Receiver, including counsel to the Receiver, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for reimbursement of out-of-pocket expenses. The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation.

## IMMUNITY OF RECEIVER

IT IS FURTHER ORDERED that the Receiver, while lawfully acting as such, is deemed an agent of the Court and is entitled to and shall have immunity to the fullest extent of the law, and the parties shall otherwise fully indemnify and hold the Receiver, safe and harmless from and against any and all causes of action, suit, proceedings, claims, demands, suits, losses, damages and liability, including costs and a reasonable receiver and attorney's fee ("Claims"), in any manner arising from, in connection with or relating to any of the Assets and/or in the course of his acting in such court appointed capacity.

## BOND OF RECEIVER

IT IS FURTHER ORDERED that the Receiver shall serve by posting a surety bond.

## INSURANCE

IT IS FURTHER ORDERED that the Receiver shall secure and insure the Assets against loss or damage by fire, vandalism, or other casualty and maintain the premises liability

9

insurance in such amounts as approved by the Plaintiff, all for the benefit of Defendants and Plaintiff.

IT IS FURTHER ORDERED that the Register of Deeds shall accept a certified copy of this Order for recording, against any real property in which the Receiver determines that Shubh Hotels Detroit, LLC has an interest.

## RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that the balance of any Judgment or Orders of this Court previously entered shall remain in full force and effect and this Court retains jurisdiction of this matter for all purposes.

## MISCELLANEOUS PROVISIONS

IT IS FURTHER HEREBY ORDERED that the Plaintiff shall have the right to replace or terminate the Receiver upon filing an appropriate motion with this Court and payment of all receivers fees in full. In all cases the Receiver shall file a full accounting of its activities.

IT IS FURTHER HEREBY ORDERED that all receivership fees paid by the Plaintiff shall be deemed an additional advance of principal under the Note for which Defendant Shubh Hotels Detroit, LLC is liable. The Receiver shall have no obligation to continue to provide services to the extent any invoice for services rendered remains unpaid for a period of thirty days or upon order of this Court.

10

IT IS FURTHER HEREBY ORDERED that the Receiver shall account to the Court and all interested parties within 30 days after the expiration of each calender quarter, which accounts shall include a description of all receipts and disbursements applicable to the accounting period.

**JOHN A. MURPHY**

_____
Circuit Court Judge

G:\David\WP61\S - T\Shubh Hotels\OAR.wpd(David)

A TRUE COPY
CATHY M. GARRETT
WAYNE COUNTY CLERK

BY_____
DEPUTY CLERK

# Exhibit B

# Estimated Costs to Keep Hotel Open

## Estimated Costs to Keep Hotel Open

| | |
|---|---|
| Insurances | $29,000.00 |
| Mechanicals | $252,370.00 |
| Utilities | $189,300.00 |
| Misc. Expenses | $15,430.00 |
| Receiver's costs incurred | $59,401.31 |
| Operating cash | $300,000.00 |
| **Total** | **$845,501.31** |

## Estimated Costs to Keep Hotel Open

**Insurance**

| | | |
|---|---|---|
| Insurance | Workmans Comp | $25,000.00 |
| | | **$25,000.00** |

**Mechanicals**

| | | |
|---|---|---|
| Water Pumps | replace three water pumps | $42,000.00 |
| Fire Suppression System | two pumps and installation | $18,000.00 |
| Fire Panel | panel | $80,000.00 |
| Fire Panel | installation / parital pmt | $20,000.00 |
| Elevators | to obtain permits | $20,585.00 |
| Pool | fill grout around pool | $10,000.00 |
| Commerical Washer | repair | $5,000.00 |
| Painting portico | paint awning and rmove debris | $4,375.00 |
| LodgeNet | cable, tv | $3,500.00 |
| Chillers | air conditioning | $38,200.00 |
| Detroit Fire | motor lobby & recharge fire extingusl | $10,710.00 |
| | | **$252,370.00** |

**Utilities**

| | | |
|---|---|---|
| Water Dept. | main water acct / $55,000.00 | $55,000.00 |
| Water Dept. | fire suppression act / $3,000.00 | $3,000.00 |
| LodgeNet | cable, tv | $3,500.00 |
| XO Communications | Telephone and internet | $10,000.00 |
| Allwaste | trash removal | $800.00 |
| DTE Energy | electricity account/security deposit for new account | $31,000.00 |
| DTE Energy | electricity , monthly charge | $31,000.00 |
| DTE Energy | gas for June & July 2009 | $55,000.00 |
| | | **$189,300.00** |

**Misc. Expenses**

| | | |
|---|---|---|
| City of Detroit | certificates, inspections, tickets | $2,020.00 |
| Employee out of pocket | Chris Ott & Nicole Shepherd, reimbursements for costs paid out of pocket | $13,410.00 |
| | | **$15,430.00** |

**Receiver's costs incurred**

| | | |
|---|---|---|
| Payroll taxes from 2 payrolls | July 17 & 31, 2008 | $22,000.00 |
| Hotel & Convention taxes | Jul-09 | $4,000.00 |
| PK Performance | Banner for front of hotel | $500.00 |
| Security / Noble Adams | Inv 089771, 089766, 098775 | $24,640.00 |
| Interstate Lock & safe | secure property | $1,559.31 |
| Paragon Accounting | Inventory of personal property | $3,195.00 |
| Spot Air | emergency air conditioners | $1,007.00 |
| Sales tax | State of Michigan / July 2009 | 2,500.00 |
| | | **$59,401.31** |

**Operating cash**

| | | |
|---|---|---|
| | Aug-09 operating cash | $100,000.00 |

| | |
|---|---|
| Sep-09 operating cash | $100,000.00 |
| Oct-09 operating cash | $100,000.00 |
| | **$300,000.00** |

# Exhibit C

# Estimated Costs to Close Hotel (one time costs and continuing costs)

**Estimated Costs to Close Up Hotel**
**(One Time Cost)**

| | |
|---|---|
| Mechanicals | $223,285.00 |
| Utilities | $185,800.00 |
| Receiver's costs incurred | $59,401.31 |
| Board Up Costs | $24,000.00 |
| | **$492,486.31** |

**Estimated Monthly**
**Reocurring Closing Costs**

| | |
|---|---|
| Electricity | $22,000.00 |
| Steam heat | $15,000.00 |
| Water | $6,000.00 |
| Security | $36,000 |
| | **$79,000.00** |

## Estimated Costs to Close Up Hotel

**Mechanicals**

| | | |
|---|---|---|
| Water Pumps | replace three water pumps | $42,000.00 |
| Fire Suppression Syster | two pumps and installation | $18,000.00 |
| Fire Panel | panel | $80,000.00 |
| Fire Panel | installation / parital pmt | $20,000.00 |
| Pool | fill grout around pool | $10,000.00 |
| Chillers | air conditioning | $38,200.00 |
| Detroit Fire | motor lobby & recharge fire extin | $10,710.00 |
| Painting portico | paint awning and rmove debris | $4,375.00 |
| | | **$223,285.00** |

**Utilities**

| | | |
|---|---|---|
| Water Dept. | main water acct / $55,000.00 | $55,000.00 |
| Water Dept. | fire suppression act / $3,000.00 | $3,000.00 |
| XO Communications | Telephone and internet | $10,000.00 |
| Allwaste | trash removal | $800.00 |
| DTE Energy | electricity account/security deposit for new account | $31,000.00 |
| DTE Energy | electricty , monthly charge | $31,000.00 |
| DTE Energy | gas for June & July 2009 | $55,000.00 |
| | | **$185,800.00** |

**Receiver's costs incurred**

| | | |
|---|---|---|
| Payroll taxes from 2 pay July 17 & 31, 2008 | | $22,000.00 |
| Hotel & Convention taxe | Jul-09 | $4,000.00 |
| PK Performance | Banner for front of hotel | $500.00 |
| Security / Noble Adams | Inv 089771, 089766, 098775 | $24,640.00 |
| Interstate Lock & safe | secure property | $1,559.31 |
| Paragon Accounting | Inventory of personal property | $3,195.00 |
| Spot Air | emergency air conditioners | $1,007.00 |
| Sales tax | State of Michigan / July 2009 | 2,500.00 |
| | | **$59,401.31** |

**Board Up Costs**

| | | |
|---|---|---|
| Board Up Hotel | First three levels | $20,000.00 |
| Changing Locks | Change locks on all access | $4,000.00 |
| | | **$24,000.00** |

## BUDGET 2009

| INCOME STATEMENT | JULY | AUGUST | SEPTEMBER | OCTOBER |
|---|---|---|---|---|
| **REVENUE:** | | | | |
| Rooms Dept | 20000 | 20000 | 30000 | 20000 |
| F&B Sales | 5000 | 5000 | 10000 | 4000 |
| Telephone | 300 | 300 | 700 | 300 |
| Valet | 2000 | 2000 | 4000 | 2000 |
| Movies | 600 | 600 | 1500 | 600 |
| Other Income | 250 | 250 | 450 | 250 |
| **ROOMS DEPT** | | | | |
| Payroll | 37000 | 37000 | 47000 | 37000 |
| Other Expenses | 5000 | 2000 | 2500 | 2000 |
| Net Dept Income(Loss) | ($22,000.00) | ($19,000.00) | ($19,500.00) | ($19,000.00) |
| **F&B DEPT** | | | | |
| Cost of F&B | 1500 | 1500 | 3500 | 1000 |
| Payroll | 3000 | 3000 | 3000 | 3000 |
| Other Expenses | 500 | 500 | 500 | 500 |
| Net Dept Income(Loss) | $0.00 | $0.00 | $3,000.00 | ($500.00) |
| **TELEPHONES** | | | | |
| Cost & Expenses | 2700 | 2700 | 2700 | 2700 |
| Net Dept Income | ($2,400.00) | ($2,400.00) | ($2,000.00) | ($2,400.00) |
| **VALET** | | | | |
| Cost & Expenses | 1400 | 1400 | 2800 | 1400 |
| Net Dept Income | $600.00 | $600.00 | $1,200.00 | $600.00 |
| **MOVIES** | | | | |
| Cost & Expenses | 210 | 210 | 975 | 210 |
| Net Dept Income | 390 | 390 | 525 | 390 |
| **UNDISTRIBUTED EXPENSES:** | | | | |
| Sales & Marketing | 0 | 0 | 0 | 0 |
| Energy Cost: | | | | |
| Electricity | 22000 | 22000 | 22000 | 22000 |
| Steam | 15000 | 15000 | 15000 | 15000 |
| Gas | 4000 | 4000 | 4000 | 4000 |
| Water | 6000 | 6000 | 6000 | 6000 |
| Repairs & Maintenance | 9000 | 4000 | 2500 | 2500 |
| TOTAL | 56000 | 51000 | 49500 | 49500 |
| **GOP** | ($79,410.00) | ($71,410.00) | ($66,275.00) | ($70,410.00) |
| **PROPERTY TAXES** | 50000 | 50000 | 50000 | 50000 |
| **PROPERTY INSURANCE** | 12000 | 12000 | 12000 | 12000 |
| **TOTAL** | 62000 | 62000 | 62000 | 62000 |
| **NET OPERATING INCOME** | ($141,410.00) | ($133,410.00) | ($128,275.00) | ($132,410.00) |

# Exhibit D

# Fire, Mechanical and Building Violations

07/08/2009  13:09   3139654557                              SHERATON DETROIT                           PAGE  02

 CITY OF DETROIT
Building Division
Buildings and Safety Engineering Department
Room 414, Coleman A. Young Municipal Center
Detroit, Michigan 48226

Case Number:    MRC2006-02620
Permit No:      89790
Location:       2 WASHINGTON BLVD
Type of Inspection: Fire Alarm Inspection
Inspector:      Groundville Nixon
Telephone:      313-224-2733

Telephone inquiries may be made between
8:00 am and 4:00 pm, Monday through Friday.

July 01, 2009

STEPHEN BERRY — *architect of record*
374 BOARDMAN ROLAND  *330 7266390*
YOUNGSTOWN OH 44512   *only Det Riverside hotel*

The Buildings Division inspected the above premises on 6/25/2009

The following violations of the Buildings Division were found to exist and corrections shall be made
on or before 7/7/2009

## Violations

1. Vacate and discontinue the use of the building as a hotel or secure a certificate of occupancy for its use.
   MRC2003, SEC 110.1
2. Provide approved set of plans on site as required. Your previous certificate has expired and must be renewed.
   MRC2003, SEC 106.3
3. Provide access in all areas of the hotel i.e. guest rooms, offices for the required final inspection.
   MRC2003, SEC 114.6
4. Revise fire alarm plans to reflect all the changes to the system as required.
   MRC2003, SEC 106.4
5. Maintain the conditions of the admin hearing # 24-06 as required, until a permanent certificate of occupancy has been
   issued for this use.
   MBE 2006, SEC 106.4
6. Call.

NOTE: YOUR ATTENTION IS DIRECTED TO THE COMPLIANCE DATE ON THIS NOTICE. FAILURE TO CORRECT
ALL VIOLATIONS, PROVIDE RESTITUTION AND REQUEST A REINSPECTION BY THE COMPLIANCE DATE WILL
CAUSE FOR COURT ACTION. IF YOU CANNOT MAKE THE CORRECTIONS WITHIN THE SPECIFIED TIME AND YO
FEE. IF THERE IS A VALID REASON FOR DELAY, YOU MUST REQUEST AN OFFICE HEARING WITHIN THE SPECIFI
TIME FOR CORRECTIONS.
Please notify the Buildings Division at (313) 224-2733 upon compliance of this violation.

CASE NO. 1801VC309 4

**36th DISTRICT COURT**
TRAFFIC & ORDINANCE DIV
1st Floor
421 Madison Detroit, Mich #8226

## NOTICE OF HEARING DATE, ADJOURNMENT OR NEW TRIAL.

Violation Date: 5-20-09

Officer in Charge of Case: D Tucker

Original Court Date ____

Badge No. 8018   Pct. 90

☐ Accident    APB No. ____

**HEARING SCHEDULED FOR:**

Date: 9-10-09    Time: 8:30A

At the court address above, for:
☐ Informal Hearing
☐ Formal Hearing
☑ Misdemeanor

☐ Notify Witnesses

The within named person(s) must appear at the above address with their witnesses on the date and time indicated.
Failure to appear by the Defendant may result in a default judgment against the Defendant and suspension of driving privileges.
This case may not be adjourned, except by the authority of the court. I hereby certify that on this date, copies of this notice were served upon the parties indicated above by ordinary mail addressed to the address shown hereon, unless otherwise indicated.

_____  10-23A 3Q...
Deputy Court Clerk         Date

Since you must pass through metal detectors when entering the court building, please leave all metal objects which could be used as weapons at home. This includes small pen knives, scissors, nail files, knitting needles, etc.

"Christopher M. OTT"

_____
Judge Jefferson

DEFENDANT COPY

36DC-99NO-A (Rev. 12-95)

---

**MISDEMEANOR COMPLAINT**

Ticket No. V 801 ▪ 763 ▪ 09

Victim Invlvd

Incident No. ____    Dept No ____

Local Use/Arrest No ____    Offense Code ____

BAC ____    of ____

**THE PEOPLE OF THE CITY OF DETROIT**

| THE UNDERSIGNED SAYS THAT ON OR ABOUT: | Month | Day | Year |
| AND ON OTHER DAYS BETWEEN THAT DATE AND: | Month | Day | Year | At |

Name (First, Middle, Last)
CHRISTOPHER MARION OTT

Street (Do not use PO Box)
5341 N. WALNUT LK

City ____    State ____    Zip Code

| State | Driver's License Number | | Date | Month | Day | Yea |
| | | | Birth | | | |

| Race | Sex | Height | Weight | Hair | Eyes | Owner/Agent/Occupant/Person in Control |

Vehicle Plate No ____    Year    State    Vehicle Description (Year, Make, Color)    Typ

THE PERSON NAMED ABOVE, in violation of ____

☐ City Ordinance ☐ State Law

UPON ____

AT OR NEAR ____

WITHIN THE CITY OF DETROIT COUNTY OF WAYNE DID THE FOLLOWING

☐ Building Code          ☐ Failure to Appear      ☐ Animal Control Ordinance
☐ Boiler/Pressure Vessel Code   For Municipal Civil   ☐ License Ordinance
☐ Electrical Code          Infraction Citation     ☐ Nuisance Ordinance
☐ Elevator Code                                 ☐ Sign, Lighting & Display Ord
☐ Fire Code                                     ☐ Other
☐ Mechanical Code
☐ Plumbing Code

☐ First Offense   ☐ Repeat Offender

Describe/Remarks ____

SEE REVERSE OF COMPLAINT FOR INFORMATION AND INSTRUCTIONS

☐ COURT WILL NOTIFY

**IN THE 36TH DISTRICT COURT**

Court address and telephone number
**421 MADISON AVENUE**
**DETROIT, MICHIGAN 48226**
**(313) 965-8700**

☐ I personally served a copy of the complaint upon the defendant
☐ I served a copy of the complaint upon the owner-occupant by sending a copy to the owner-occupant by first class mail at the last known address
I declare under the penalties of perjury that the statements above are true to the best of my information, knowledge, and belief

| Complainant's signature and receipt if applicable | Month | Day | Year |

Officer's Name (printed) ____    Officer's ID No ____

Agency ORI    Agency Name ____
MI-

C of D-282-CA (Rev. 11/08)    **DEFENDANT'S COPY**

**Left form:**

MISDEMEANOR COMPLAINT — Ticket No. V 801-767-09 — ☐ Victim Involved

Incident No. ___   Dept. No ___

THE PEOPLE OF THE CITY OF DETROIT

Local Use/Arrest No. ___   Offense Code ___   BAC ___

THE UNDERSIGNED SAYS THAT ON OR ABOUT:
Month / Day / Year
AND ON OTHER DAYS BETWEEN THAT DATE AND:
Month / Day / Year  At ___ ☐ A.M. ☐ P.M.

Name (First, Middle, Last) ___
Street (Do not use PO Box) ___
City ___   State ___   Zip Code ___
State ___   Driver's License Number ___   Date of Birth: Month/Day/Year
Race / Sex / Height / Weight / Hair / Eyes / Owner/Agent/Occupant/Person in Control ___
Vehicle Plate No. / Year / State / Vehicle Description (Year, Make, Color) / Type

THE PERSON NAMED ABOVE, in violation of ___
☐ City Ordinance ☐ State Law
UPON ___
AT OR NEAR ___
WITHIN THE CITY OF DETROIT, COUNTY OF WAYNE, DID THE FOLLOWING

☐ Building Code ☐ Boiler/Pressure Vessel Code ☐ Electrical Code ☐ Elevator Code ☐ Fire Code ☐ Mechanical Code ☐ Plumbing Code
☐ Failure to Appear For Municipal Civil Infraction Citation
☐ Animal Control Ordinance ☐ License Ordinance ☐ Nuisance Ordinance ☐ Sign, Lighting & Display Ordinance ☐ Other ___

☐ First Offense ☐ Repeat Offender

Describe/Remarks ___

SEE REVERSE OF COMPLAINT FOR INFORMATION AND INSTRUCTIONS

Ticket No. V 801-767-09

☐ COURT WILL NOTIFY

IN THE 36TH DISTRICT COURT
Court address and telephone number
421 MADISON AVENUE
DETROIT, MICHIGAN 48226
(313) 965-8700

☐ I personally served a copy of the complaint upon the defendant
☐ I served a copy of the complaint upon the owner/occupant by sending a copy to the owner/occupant by first class mail at the last known address
I declare under the penalties of perjury that the statements above are true to the best of my information, knowledge, and belief.
Complainant's signature and receipt if applicable ___
Month / Day / Year
Officer's Name (printed) ___   Officer's ID No ___
Agency ORI ___   Agency Name ___

D-262-CA (Rev 11/08)   DEFENDANT'S COPY

---

**Right form:**

MISDEMEANOR COMPLAINT — Ticket No. V 801-766-09 — ☐ Victim Involved

Incident No. ___   Dept. No ___

THE PEOPLE OF THE CITY OF DETROIT

Local Use/Arrest No. ___   Offense Code ___   BAC ___

THE UNDERSIGNED SAYS THAT ON OR ABOUT:
Month / Day / Year
AND ON OTHER DAYS BETWEEN THAT DATE AND:
Month / Day / Year  At ___ ☐ A.M. ☐ P.M.

Name (First, Middle, Last) ___
Street (Do not use PO Box) ___
City ___   State ___   Zip Code ___
State ___   Driver's License Number ___   Date of Birth: Month/Day/Year
Race / Sex / Height / Weight / Hair / Eyes / Owner/Agent/Occupant/Person in Control ___
Vehicle Plate No. / Year / State / Vehicle Description (Year, Make, Color) / Type

THE PERSON NAMED ABOVE, in violation of ___
☐ City Ordinance ☐ State Law
UPON ___
AT OR NEAR ___
WITHIN THE CITY OF DETROIT, COUNTY OF WAYNE, DID THE FOLLOWING

☐ Building Code ☐ Boiler/Pressure Vessel Code ☐ Electrical Code ☐ Elevator Code ☐ Fire Code ☐ Mechanical Code ☐ Plumbing Code
☐ Failure to Appear For Municipal Civil Infraction Citation
☐ Animal Control Ordinance ☐ License Ordinance ☐ Nuisance Ordinance ☐ Sign, Lighting & Display Ordinance ☐ Other ___

☐ First Offense ☐ Repeat Offender

Describe/Remarks ___

SEE REVERSE OF COMPLAINT FOR INFORMATION AND INSTRUCTIONS

Ticket No. V 801-766-09

☐ COURT WILL NOTIFY

IN THE 36TH DISTRICT COURT
Court address and telephone number
421 MADISON AVENUE
DETROIT, MICHIGAN 48226
(313) 965-8700

☐ I personally served a copy of the complaint upon the defendant
☐ I served a copy of the complaint upon the owner/occupant by sending a copy to the owner/occupant by first class mail at the last known address
I declare under the penalties of perjury that the statements above are true to the best of my information, knowledge, and belief.
Complainant's signature and receipt if applicable ___
Month / Day / Year
Officer's Name (printed) ___   Officer's ID No ___
Agency ORI ___   Agency Name ___

C of D-262-CA (Rev 11/08)   DEFENDANT'S COPY

**MISDEMEANOR COMPLAINT**  Ticket No. V 801 — 765 — 09  ☐ Victim Involved

Incident No. _____  Dept No. _____

### THE PEOPLE OF THE CITY OF DETROIT

Local Use/Arrest No. _____  Offense Code _____

BAC _____ of _____

| THE UNDERSIGNED SAYS THAT ON OR ABOUT: | Month | Day | Year |
|---|---|---|---|
| AND ON OTHER DAYS BETWEEN THAT DATE AND: | Month | Day | Year | At _____ ☐ AM ☐ PM |

Name (First, Middle, Last) _____

Street (Do not use P.O. Box) _____

City _____ State _____ Zip Code _____

| State | Driver's License Number | | | Date | Month | Day | Year |
| Race | Sex | Height | Weight | Hair | Eyes | Owner/Agent/Occupant/Person in Control |

Vehicle Plate No. _____ Year _____ State _____ Vehicle Description (Year, Make, Color) _____ Type _____

THE PERSON NAMED ABOVE, in violation of _____

☐ City Ordinance  ☐ State Law

UPON _____

AT OR NEAR _____

WITHIN THE CITY OF DETROIT, COUNTY OF WAYNE, DID THE FOLLOWING.

☐ Building Code
☐ Boiler/Pressure Vessel Code
☐ Electrical Code
☐ Elevator Code
☐ Fire Code
☐ Mechanical Code
☐ Plumbing Code

☐ Failure to Appear For Municipal Civil Infraction Citation

☐ Animal Control Ordinance
☐ License Ordinance
☐ Nuisance Ordinance
☐ Sign, Lighting & Display Ordinance
☐ Other _____

☐ First Offense  ☐ Repeat Offender

Describe/Remarks _____

Ticket No. V 801 765 09

SEE REVERSE OF COMPLAINT FOR INFORMATION AND INSTRUCTIONS

☐ COURT WILL NOTIFY

### IN THE 36TH DISTRICT COURT

Court address and telephone number
**421 MADISON AVENUE**
**DETROIT, MICHIGAN 48226**
**(313) 965-8700**

☐ I personally served a copy of the complaint upon the defendant
☐ I served a copy of the complaint upon the owner/occupant by sending a copy to the owner occupant by first class mail at the last known address
I declare under the penalties of perjury that the statements above are true to the best of my information, knowledge, and belief

Complainant's signature and receipt if applicable _____ Month _____ Day _____ Year _____

Officer's Name (printed) _____ Officer's ID No. _____

Agency ORI MI- _____ Agency Name _____

Name _____  Case No. _____

C of D-282-CA (Rev. 11.08)  **DEFENDANT'S COPY**

---

**MISDEMEANOR COMPLAINT**  Ticket No. V 801 — 764 — 09  ☐ Victim Involved

Incident No. _____  Dept No. _____

### THE PEOPLE OF THE CITY OF DETROIT

Local Use/Arrest No. _____  Offense Code _____

BAC _____ of _____

| THE UNDERSIGNED SAYS THAT ON OR ABOUT: | Month | Day | Year |
|---|---|---|---|
| AND ON OTHER DAYS BETWEEN THAT DATE AND: | Month | Day | Year | At _____ ☐ AM ☐ PM |

Name (First, Middle, Last) _____

Street (Do not use P.O. Box) _____

City _____ State _____ Zip Code _____

| State | Driver's License Number | | | Date | Month | Day | Year |
| Race | Sex | Height | Weight | Hair | Eyes | Owner/Agent/Occupant/Person in Control |

Vehicle Plate No. _____ Year _____ State _____ Vehicle Description (Year, Make, Color) _____ Type _____

THE PERSON NAMED ABOVE, in violation of _____

☐ City Ordinance  ☐ State Law

UPON _____

AT OR NEAR _____

WITHIN THE CITY OF DETROIT, COUNTY OF WAYNE, DID THE FOLLOWING.

☐ Building Code
☐ Boiler/Pressure Vessel Code
☐ Electrical Code
☐ Elevator Code
☐ Fire Code
☐ Mechanical Code
☐ Plumbing Code

☐ Failure to Appear For Municipal Civil Infraction Citation

☐ Animal Control Ordinance
☐ License Ordinance
☐ Nuisance Ordinance
☐ Sign, Lighting & Display Ordinance
☐ Other _____

☐ First Offense  ☐ Repeat Offender

Describe/Remarks _____

Ticket No. V 801 764 09

SEE REVERSE OF COMPLAINT FOR INFORMATION AND INSTRUCTIONS

☐ COURT WILL NOTIFY

### IN THE 36TH DISTRICT COURT

Court address and telephone number
**421 MADISON AVENUE**
**DETROIT, MICHIGAN 48226**
**(313) 965-8700**

☐ I personally served a copy of the complaint upon the defendant
☐ I served a copy of the complaint upon the owner/occupant by sending a copy to the owner occupant by first class mail at the last known address
I declare under the penalties of perjury that the statements above are true to the best of my information, knowledge, and belief

Complainant's signature and receipt if applicable _____ Month _____ Day _____ Year _____

Officer's Name (printed) _____ Officer's ID No. _____

Agency ORI MI- _____ Agency Name _____

C of D-282-CA (Rev. 11.08)  **DEFENDANT'S COPY**

## DETROIT FIRE DEPARTMENT
### Fire Marshal Division
250 W. Larned Street

Fire Headquarters   Phone: Office (313) 596-2954
Court (313) 596-2973

| 5208 | SUPR |
| Fire System | |
| Fire Alarm | |

# Notice of Violations   Date June 25, 20 09

To Christopher OTT

2 Washington Blvd

Detroit, MI

Bus. Phone: 965-0200

The following orders are issued for the correction of hazardous conditions
found upon inspection of the premises located at

Address 2 Washington Blvd

Firm Name Detroit Riverside Hotel

These orders must be complied with AT ONCE:

2 Washington Blvd

1. Make necessary repairs to Hood system "A"
So that Electric power shuts off upon
Activation of fire extinguishing system
As per Section 13-3.51 of NFPA

2. Properly Connect Kitchen Hood Systems
"A" and "B" to Fire Alarm System so
that the Fire Alarm System is Activated
whenever the Hood Suppression System
is Activated, as per sec. 2-7 of
NFPA 72

41254

WARNING: Fire or injury resulting from delay or failure to
comply with this notice will be attributed to negligence on
the part of the responsible party or parties.

By Order of ~~Harold L. Berry~~
Herbert K. White

Insp. _____

C-F-D-347 (Rev. 3/91)

---

## DETROIT FIRE DEPARTMENT
### Fire Marshal Division
250 W. Larned Street

Fire Headquarters   Phone: Office (313) 596-2954
Court (313) 596-2973

| 5208 | SUPR |
| Fire Alarm | |
| Fire Alarm | |

# Notice of Violations   Date June 25, 2009

To Christopher OTT

2 Washington Blvd

Det, MI

Bus. Phone: 965-0200

The following orders are issued for the correction of hazardous conditions
found upon inspection of the premises located at

Address 2 Washington Blvd

Firm Name Detroit Riverside Hotel

These orders must be complied with AT ONCE:

7 Washington Blvd

1. Make necessary repairs (two alarms and
one Trouble on panel) to the Fire Alarm
panel as per section 7-4 of
NFPA 72.

41255

WARNING: Fire or injury resulting from delay or failure to
comply with this notice will be attributed to negligence on
the part of the responsible party or parties.

By Order of ~~Harold L. Berry~~
Herbert K. White

Insp. _____

C-F-D-347 (Rev. 3/91)

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

MUTUAL BANK, an
Illinois Banking Corporation,

        Plaintiff,

vs.

SHUBH HOTELS DETROIT, LLC, a
Florida limited liability company,
BROADWAY BANK, RUSH AIR, INC.,
RODERICK L. JENKINS, KELLY
RUSHMORE, STATE OF MICHIGAN,
INTERLINE BRANDS, INC., and
MAINTENANCE USA, ATUL BISARIA
and MIHU BISARIA,

        Defendants.

Hon. John A. Murphy
Case No. 09-012750-CH

_____/

| | |
|---|---|
| Kenneth F. Silver, P35546<br>Laurie S. Raab, P48638<br>Attorneys for Plaintiff<br>Hertz Schram PC<br>1760 S. Telegraph Road, Suite 300<br>Bloomfield Hills, MI 48302<br>(248) 335- 5000<br><br>Michael A. Nedelman, P35433<br>Attorney for Defendant, Shubh Hotels<br>Detroit, LLC and Atul Bisaria<br>28550 Orchard lake Road, Suite 140<br>Farmington Hills, MI 48334<br><br>Rush Air, Inc.<br>Defendant In Pro Per<br>c/o Kelly Rushmore, Resident Agent<br>750 N. Riverside Ave<br>St. Clair, MI 48079 | Kelly Rushmore<br>Defendant In Pro Per<br>750 N. Riverside Ave<br>St. Clair, MI 48079<br><br>Interline Brands, Inc.<br>Defendant In Pro Per<br>712 Abbot Road<br>East Lansing, MI 48823<br><br>David Findling, P43256<br>Court Appointed Receiver<br>Erica J. Ehrlichman, P64519<br>The Findling Law Firm, PLC<br>415 S. West Street<br>Royal Oak,  MI  48067<br>(248) 399-3300 |

_____/

1

## RECEIVER'S REPORT AND MOTION TO CONFIRM SALE OF REAL PROPERTY

NOW COMES David Findling, Court Appointed Receiver, and for his Motion to Confirm Sale of Real Property states:

1. On June 26, 2009, David Findling was appointed Receiver of the Detroit Riverside Hotel, 2 Washington Avenue, Detroit, Michigan (the "Hotel"). On July 1, 2009, the Court entered an Amended Order Appointing Receiver appointing David Findling as Receiver over Shubh Hotels Detroit, LLC, a Florida limited liability company, which owned and operated the Hotel. The Hotel, still commonly known in Detroit as the old Pontchartrain Hotel, is a 25-story, 367- room hotel on the corner of Jefferson and Washington Streets and across from Cobo Hall. (Exhibit A, June 26, 2009, and July 1, 2009, orders appointing receiver).

2. The Receiver spent the first weeks ascertaining the status of the building and the business, meeting with employees, performing an audit of the inventory, and obtaining information concerning all issues which required immediate attention. The priorities included insuring the premises, keeping the utilities on, stopping execution of writs for collection on judgments, assessing the mechanical issues/ building code violations so that a certificate of occupancy may be obtained to keep the hotel open, payment of employee wages (the employees had not that had not been paid for two months), and maintaining security.

3. It was learned that the Hotel had multiple fire safety, mechanical, and building code issues, for which the Receiver appeared at administrative hearings, and worked with the fire and building departments to address emergency corrective orders.

4. The monthly cost of operating the Hotel was much greater than the income. It was difficult to obtain any income this summer, as the HVAC system worked intermittently, leaving

2

guests with no air conditioning in a 25-story building.

5. Further, the City of Detroit Building Department issued reports regarding the building code violations, one of which provided that the items must be corrected or they would issue an order to vacate and discontinue use of the building.

Significant issues which required immediate attention include:

(1) none of the five elevators are certified

(2) there is no operable fire suppression water pump for the parking garage as the new one was repossessed for non-payment

(3) the one operable domestic water pump leaks (flows) continuously and requires significant repairs or replacement

(4) the building requires a new fire alarm panel

(5) there were no current health department permits for the kitchen facilities; and

(6) there are significant problems with the chillers, as the air conditioning does not work.   there was no money forthcoming to fix the building code violations, such as elevators without permits, an inoperable fire alarm panel, and HVAC issues.

5. Due to the status of the physical property, the threat of a notice to vacate from the Building Department, the monthly operational shortfall of nearly $100,000.00, and the lack of forthcoming funds to cure, it was determined that closing the Hotel was in the best interest of the parties and receivership estate.  The Hotel was closed on August 23, 2009, and 24-hour security was hired to patrol the premises.

6. Plaintiff has paid for the security, the steam heat and electricity, and has maintained insurance on the Hotel.

3

7. The Receiver has obtained two Broker's Opinions of Value (BOV), one from NAI Farbman, which crunched the numbers for this property and came up with a value of $2,000,000.00 to $4,500,000.00, and Signature Associates, which based its BOV on comparable property values and came up with a value of $7,000,000.00 to $11,000,000.00.

8. The Hotel was listed for sale with NAI Farbman with no asking price.

9. Multiple Letters of Intent have been received. The Receiver accepted the highest and best offer, and executed a Purchase and Sale Agreement subject to court approval, attached. (Exhibit B, Purchase and Sale Agreement).

10. The Purchase and Sale Agreement provides for a purchase price of $7,000,000.00 with no mortgage contingency.

11. Additional time on the market is unlikely to generate additional, higher offers.

12. The Receiver submits that the proposed sale is in the best interests of the receivership estate.

13. MCR 2.622 (A)(4) provides:

> A receiver may convert the personal property into money, but may not sell real estate of the debtor without a special order of the court.

14. The Receiver seeks authority from the Court to convey the Property under the attached Purchase and Sale Agreement.

4

WHEREFORE, the Receiver, David Findling prays that this Court enter the attached proposed Order Confirming the Sale of the Property.

Respectfully submitted,

Dated: March 11, 2009

/s/Erica J. Ehrlichman
Erica J. Ehrlichman, P64519
On behalf of David Findling, P43256
Court Appointed Receiver
415 S. West Street, Suite 200
Royal Oak, MI 48067
(248) 399-3300

5

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

MUTUAL BANK, an
Illinois Banking Corporation,

        Plaintiff,

vs.

SHUBH HOTELS DETROIT, LLC, a
Florida limited liability company,
BROADWAY BANK, RUSH AIR, INC.,
RODERICK L. JENKINS, KELLY
RUSHMORE, STATE OF MICHIGAN,
INTERLINE BRANDS, INC., and
MAINTENANCE USA, MAY & SUCHER , PLLC,
ATUL BISARIA and MIHU BISARIA

        Defendants.

MUTUAL BANK v SHUBH HOTELS DETROI
Hon. John A Murphy          05/27/2009

09-012750-CH

**AMENDED ORDER APPOINTING
RECEIVER**

---

Kenneth F. Silver, P35546
Laurie S. Raab, P48638
Attorneys for Plaintiff
Hertz Schram PC
1760 S. Telegraph Road, Suite 300
Bloomfield Hills, MI 48302
(248) 335- 5000

Shubh Hotels Detroit, LLC
Defendant In Pro Per
2 Washington Blvd
Detroit, MI 48226

Rush Air, Inc.
Defendant In Pro Per
750 N. Riverside Ave
St. Clair, MI 48079

Kelly Rushmore
Defendant In Pro Per
750 N. Riverside Ave
St. Clair, MI 48079

Interline Brands, Inc.
Defendant In Pro Per
712 Abbot Road
East Lansing, MI 48823

May & Sucher, P.L.L.C.
Defendant In Pro Per
5777 West Maple Road
Suite 180
West Bloomfield, MI 48322

David Findling, P43256
Court Appointed Receiver
John Polderman, P65720
The Findling Law Firm, PLC
415 S. West Street
Royal Oak,  MI 48067
(248) 399-3300

1

EXHIBIT A

## ORDER APPOINTING RECEIVER

At a session of said Court, held in the
City of Detroit, County of Wayne,
State of Michigan,

on _____ JUL 01 2009

PRESENT: Honorable _____ JOHN A. MURPHY
Circuit Court Judge

This matter having come before the Court on the Motion of the Plaintiff, and this Court being fully advised in the premises:

NOW THEREFORE;

IT IS ORDERED, that DAVID FINDLING (P43256) of 415 S. West St., #200, Royal Oak, MI 48067 (hereinafter "Receiver") is hereby named and appointed Receiver, with full powers as receiver of all of the assets and property, real, personal or mixed located at 2 Washington Boulevard, Detroit, MI and all related businesses and services located thereon including but not limited to, Shubh Hotels Detroit, LLC, d/b/a Sheraton Detroit Riverside Hotel, (collectively the "Assets" and "Shubh Hotels Detroit, LLC"). The Receiver shall be the agent of this Court while acting under this Order.

### AUTHORITY OF RECEIVER

IT IS FURTHER ORDERED, that the Receiver is hereby granted all powers and authority conferred by statutes and case law, including but not limited to, MCL 600.5201 et seq., to control, sell, encumber, take possession of, lease or liquidate said Assets for the purpose of satisfaction of the provisions of any Judgements and/or Orders entered between the parties.

### DIRECTIVES TO FINANCIAL INSTITUTIONS, EMPLOYERS AND OTHERS

2

EXHIBIT A

IT IS FURTHER ORDERED that pending further Order of this Court, any financial or brokerage institution, business entity, or person, that holds, controls, or maintains custody of any account or asset, or at any time since January 1, 2001, has held, controlled, managed or maintained custody of any account or asset owned by, in the name, or for the benefit of, Shubh Hotels Detroit, LLC, shall:

1.  Prohibit Shubh Hotels Detroit, LLC and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, or otherwise disposing of any such asset except as directed by the Receiver;

2.  Deny Shubh Hotels Detroit, LLC and all other persons access to any safe deposit box that titled in the name of Shubh Hotels Detroit, LLC either individually or jointly with another person or entity.

3.  Provide the Receiver, within five (5) business days of receiving a copy of this Order, a statement setting forth:

    a.  the identification number of each and every account or asset titled in the name, individually or jointly, of, or held on behalf of, or for the benefit of Shubh Hotels Detroit, LLC;

    b.  the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and

    c.  the identification of any safe deposit box that is either titled in the name of Shubh Hotels Detroit, LLC or jointly with, another person or entity or is otherwise subject to access by Shubh Hotels Detroit, LLC;

    d.  Upon request by the Receiver, promptly provide the Receiver with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, and all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

3

EXHIBIT A

IT IS FURTHER ORDERED that the Receiver, David Findling has express authority to sign as Receiver, on behalf of Shubh Hotels Detroit, LLC, any checks, bank accounts, drafts, stocks, bonds or other instruments of title and said signature shall have the same legal effect as had Shubh Hotels Detroit, LLC itself signed the same.

IT IS FURTHER ORDERED that the Receiver, David Findling has express authority to attach the assets of Shubh Hotels Detroit, LLC and any employee, owner and/or shareholder of Shubh Hotels Detroit, LLC shall comply with the instructions of the Court's Receiver.

IT IS FURTHER ORDERED that any savings, bank or similar institutions receiving a copy of this Order shall forthwith turn over to the Receiver, David Findling, any and all contents of safety deposit boxes, owned by Shubh Hotels Detroit, LLC, in whole or together with any other individual.

IT IS FURTHER ORDERED that any savings, bank or similar institutions receiving a copy of this Order shall accept the signature of the Receiver, David Findling, to withdraw any and all funds Shubh Hotels Detroit, LLC has the right to withdraw from said institution with the same legal effect as though Shubh Hotels Detroit, LLC had signed.

## THE RECEIVERSHIP ESTATE

IT IS FURTHER ORDERED that the Receiver shall be empowered, but not obligated to:

e. Preserve, hold and manage all receiverships assets, and perform all acts necessary to preserve the value of those assets, to prevent any loss, damage or injury;

f. Remove any officer, independent contractor, employee, or agent of Shubh Hotels Detroit, LLC, from control and management of the affairs of Shubh Hotels Detroit, LLC;

4

# EXHIBIT A

g.      Prevent the withdrawal or misapplication of funds;

h.      Manage and administer all aspects of Shubh Hotels Detroit, LLC by performing all acts incidental thereto that the Receiver deems appropriate, including hiring or dismissing any and all personnel or suspending operations of any business;

i.      Sue for, collect, receive, and take possession of all goods, chattels, rights, credits, moneys, effects, land, leases, documents, books, records, work papers, and records of amounts, including computer-maintained information, and other papers of Shubh Hotels Detroit, LLC, including documents related to customers, clients or limited partners of Shubh Hotels Detroit, LLC whose interests are now held by or under the direction, possession, custody or control of Shubh Hotels Detroit, LLC;

j.      Initiate, defend, compromise, adjust, intervene in, dispose of, or become a party to any actions or proceedings in state, federal or foreign court necessary to preserve or increase the assets of Shubh Hotels Detroit, LLC or to carry out his or her duties pursuant to this Order;

k.      Choose, engage and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

l.      Issue subpoenas to obtain documents and records pertaining to the receivership, and conduct discovery in this action on behalf of the receivership estate;

m.      Open one or more bank accounts as designated depositories for funds of Shubh Hotels Detroit, LLC. The Receiver may deposit all funds of Shubh Hotels Detroit, LLC in such designated accounts and shall make all payments and disbursements from the receivership estate from such accounts; and

n.      Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of this Court, or exercising the authority granted by this Order.

## DELIVERY OF POSSESSION OF PROPERTY TO RECEIVER

IT IS FURTHER ORDERED that this Court commands the Sheriff of Wayne County, or any other court officer that the Court Appointed Receiver may choose to employ, that

5

# EXHIBIT A

without delay, you deliver to David Findling, Court Appointed Receiver, possession of the property of Shubh Hotels Detroit, LLC, and if necessary to use FORCE as required and if the premises are not voluntarily opened to use a locksmith for said purpose.

IT IS FURTHER ORDERED that as soon as practicable after service of this Order upon them Shubh Hotels Detroit, LLC, and any other person or entity served with a copy of this Order, shall deliver to the Receiver:

o.    Possession and custody of all funds, assets, property, and all other assets, owned beneficially or otherwise, wherever situated of Shubh Hotels Detroit, LLC;

p.    Possession and custody of documents of Shubh Hotels Detroit, LLC, including but not limited to, all books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents and other papers;

q.    Possession and custody of all precious metals, other commodities, funds, and other assets being held by or on the behalf of Shubh Hotels Detroit, LLC;

r.    All keys, computer passwords, entry codes, and combination locks necessary to gain access or to secure access to any of the assets or documents of Shubh Hotels Detroit, LLC, including by not limited to; means of communications, account, computer systems, or other property; and

s.    Information identifying the accounts, employees, properties or other assets or obligations of Shubh Hotels Detroit, LLC.

## POSSESSION OF DOCUMENTS AND RESTRAINT ON DESTRUCTION

IT IS FURTHER ORDERED that the Receiver, David Findling is granted the power to take immediate possession of and to copy: all books, records, notes, memoranda, loan documents, deeds, bills of sale, canceled checks, checks, check ledgers, calendar notes, diary notes, notes, records, books, ledgers, electronically stored data, tape recordings, and computer discs, or any other financial documents or financial information in whatever form belonging to

6

# EXHIBIT A

Shubh Hotels Detroit, LLC or any businesses owned or operated by Shubh Hotels Detroit, LLC.

IT IS FURTHER ORDERED that Shubh Hotels Detroit, LLC and all persons or entities who receive notice of this Order by personal service or otherwise, are restrained and enjoined from directly or indirectly destroying, mutilating, erasing, altering, concealing, or disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or business or personal finances of Shubh Hotels Detroit, LLC.

## RESTRAINT ON TRANSFER OF PROPERTY

IT IS FURTHER ORDERED that except as otherwise ordered by this Court, Shubh Hotels Detroit, LLC, its shareholders or officers are restrained and enjoined from directly or indirectly:

t.  Transferring, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, dissipating, converting, withdrawing, or otherwise disposing of the Assets, including assets held in corporate or partnership accounts in which Shubh Hotels Detroit, LLC has an interest, and assets held outside the United States, except as otherwise ordered by this Court; and

u.  Opening or causing to be opened any safe deposit boxes titled in the name of, or subject to access by Shubh Hotels Detroit, LLC.

## RESTRAINT ON ACTION BY CREDITORS

IT IS FURTHER ORDERED that except by leave of this Court, during the pendency of the receivership, Shubh Hotels Detroit, LLC, and all other persons, creditors and entities be and hereby are stayed from taking any action to establish or enforce any claim, right or interest for, against, on behalf of, in, or in the name of Shubh Hotels Detroit, LLC, the Receiver, receivership assets, or the Receiver's duly authorized agents acting in their capacities as such, including but not limited to, the following actions:

7

# EXHIBIT A

v.  Commencing, prosecuting, litigating or enforcing any suit, except that actions may be filed to toll any applicable statute of limitations;

w.  Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, property of Shubh Hotels Detroit, LLC or any property claimed by Shubh Hotels Detroit, LLC, or attempting to foreclose, forfeit, alter or terminate any of Shubh Hotels Detroit, LLC's interest in property, whether such acts are part of a judicial proceeding or otherwise;

x.  Using self-help or executing or issuing, or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon any property, wherever located, owned by or in the possession of Shubh Hotels Detroit, LLC or the Receiver, or any agent of the Receiver; and

y.  Doing any act or thing to interfere with the Receiver taking control, possession or management of the property subject to the receivership, or to in any way interfere with the Receiver or the duties of the Receiver; or to interfere with the exclusive jurisdiction of this Court over the property and assets of Shubh Hotels Detroit, LLC.

This paragraph does not stay the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

## PRIORITY OF CLAIMS AND DISPOSITION OF RECEIVERSHIP PROPERTY

IT IS FURTHER ORDERED that any and all monies, cash, funds, sale proceeds from the sale of assets and/or property, and other receipts that come into the possession of the Receiver, shall be applied to the following expenses in the following order of priority:

1.  To pay the fees and expenses of the Receiver; and
2.  To pay the unpaid obligations of Shubh Hotels Detroit, LLC.

IT IS FURTHER ORDERED that the Receiver, David Findling, shall deposit into a fiduciary checking account any and all monies, cash, funds, sale proceeds from the sale of assets and/or property and shall apply those funds consistent with the orders of this Court.

8

# EXHIBIT A

IT IS FURTHER ORDERED that the Defendant, Shubh Hotels Detroit, LLC shall be responsible for the payment of the fees and costs of the Receiver except as otherwise provided herein.

## RECEIVER'S COMPENSATION

IT IS FURTHER ORDERED that the Receiver and all personnel hired by the Receiver, including counsel to the Receiver, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for reimbursement of out-of-pocket expenses. The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation.

## IMMUNITY OF RECEIVER

IT IS FURTHER ORDERED that the Receiver, while lawfully acting as such, is deemed an agent of the Court and is entitled to and shall have immunity to the fullest extent of the law, and the parties shall otherwise fully indemnify and hold the Receiver, safe and harmless from and against any and all causes of action, suit, proceedings, claims, demands, suits, losses, damages and liability, including costs and a reasonable receiver and attorney's fee ("Claims"), in any manner arising from, in connection with or relating to any of the Assets and/or in the course of his acting in such court appointed capacity.

## BOND OF RECEIVER

IT IS FURTHER ORDERED that the Receiver shall serve by posting a surety bond.

## INSURANCE

IT IS FURTHER ORDERED that the Receiver shall secure and insure the Assets against loss or damage by fire, vandalism, or other casualty and maintain the premises liability

9

EXHIBIT A

insurance in such amounts as approved by the Plaintiff, all for the benefit of Defendants and Plaintiff.

IT IS FURTHER ORDERED that the Register of Deeds shall accept a certified copy of this Order for recording, against any real property in which the Receiver determines that Shubh Hotels Detroit, LLC has an interest.

## RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that the balance of any Judgment or Orders of this Court previously entered shall remain in full force and effect and this Court retains jurisdiction of this matter for all purposes.

## MISCELLANEOUS PROVISIONS

IT IS FURTHER HEREBY ORDERED that the Plaintiff shall have the right to replace or terminate the Receiver upon filing an appropriate motion with this Court and payment of all receivers fees in full.  In all cases the Receiver shall file a full accounting of its activities.

IT IS FURTHER HEREBY ORDERED that all receivership fees paid by the Plaintiff shall be deemed an additional advance of principal under the Note for which Defendant Shubh Hotels Detroit, LLC is liable.  The Receiver shall have no obligation to continue to provide services to the extent any invoice for services rendered remains unpaid for a period of thirty days or upon order of this Court.

10

# EXHIBIT A

IT IS FURTHER HEREBY ORDERED that the Receiver shall account to the Court and all interested parties within 30 days after the expiration of each calender quarter, which accounts shall include a description of all receipts and disbursements applicable to the accounting period.

JOHN A. MURPHY

_____
Circuit Court Judge

G:\David\WP61\S - T\Shubh Hotels\OAR.wpd(David)

A TRUE COPY
CATHY M. GARRETT
WAYNE COUNTY CLERK

BY _____
DEPUTY CLERK

# EXHIBIT A

No. A **47855**

E-314 BK.

V

### CERTIFIED COPY —"LAW"

STATE OF MICHIGAN,
County of Wayne } ss.



I, CATHY M. GARRETT, Clerk of Wayne County, and Clerk of the Circuit Court for the County of Wayne, do hereby certify, that the above and the foregoing is a true and correct copy of _09-912150-CH_

_Amended Order Appointing_
_Receiver_

entered in the above entitled cause by said Court, as appears of record in my office. That I have compared the same with the original, and it is a true transcript therefrom, *and of the whole thereof.*

In Testimony Whereof, I have hereunto set my hand and affixed the seal of said Court and County, at Detroit, this day of _____ _Feb 09_ A.D. 20

Fee, $ _21(0)_

CATHY M. GARRETT, Clerk

EXHIBIT A

_____, Deputy Clerk

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

MUTUAL BANK, an
Illinois Banking Corporation

        Plaintiff,

-vs-

SHUBH HOTELS DETROIT, LLC, a
Florida limited liability company,
BROADWAY BANK, RUSH
AIR, INC., RODERICK L. JENKINS,
KELLY RUSHMORE, STATE OF MICHIGAN,
INTERLINE BRANDS INC. AND
MAINTENANCE USA, MAY & SUCHER, PLLC,
ATUL BISARIA and MIHU BISARIA,

        Defendants.

MUTUAL BANK v SHUBH HOTELS DETROI
Hon. John A Murphy                    08/27/2009
09-012750-CH

Hertz Schram PC
By:  Kenneth F. Silver (P35546)
     Laurie S. Raab (P48638)
1760 S. Telegraph Road
Suite 300
Bloomfield Hills, MI 48302
(248) 335-5000

LAW OFFICES HERTZ SCHRAM PC

## ORDER APPOINTING RECEIVER AND
## GRANTING TEMPORARY RESTRAINING ORDER

At a session of said Court held in the City of
Detroit, County of Wayne, State of Michigan
on _____ JUN 26 2009

PRESENT: HONORABLE  JOHN A. MURPHY
                        CIRCUIT COURT JUDGE

This matter having come before the Court upon Plaintiff's *Ex Parte* Motion For

Appointment of Receiver and Temporary Restraining Order, the Court having ordered

1

# EXHIBIT A

Defendants to Show Cause as to why the Motion should not be granted, Defendant Shubh Hotels Detroit, L.L.C. having been served with the Motion and the Order to Show Cause, and the Court being otherwise fully advised in the premises:

IT IS HEREBY ORDERED that Plaintiff's *Ex Parte* Motion For Appointment of Receiver and Temporary Restraining Order is granted.

IT IS FURTHER ORDERED that ~~the Hayman Company~~ David Findling ("Receiver") is appointed Receiver of the property commonly known as 2 Washington Boulevard, Detroit, Michigan and all related businesses and services located thereon (collectively, the "Property"). ~~The Hayman Company, 5700 Crooks Road Suite 400, Troy, MI 48098,~~ The Receiver shall have the following authority and responsibilities to be undertaken in consultation with Plaintiff (referred to below as the "Bank"):

1.  Maintain the Property in good order and condition and provide general property management services through such qualified vendors and service providers as the Receiver determines;

2.  Establish such bank accounts as Receiver deems necessary and appropriate and collect and receive from any tenant of any portion of the Property all rents now due or to become due;

3.  Oversee the operation of the hotel and all related businesses and services located on the Property, and to take all necessary and reasonable action to protect the Bank's security interest in the assets, including but not limited to ceasing business operations, either directly or through such qualified vendors and service providers as the Receiver determines, including but not limited to, employing personnel and renting rooms at commercially competitive rates and identifying tenants, managers or operators for all or any portion of the Property;

2

LAW OFFICES HERTZ SCHRAM PC

EXHIBIT A

4.    Retain qualified property management entity to undertake reasonable steps to maximize revenue, including but not limited to, entering into leases and franchise agreements for all or any portion of the Property upon commercially reasonable terms;

5.    Secure and insure the Property against loss or damage by fire, vandalism or other casualty and to maintain premises liability insurance in such amounts as approved by the Bank all for the benefit of Defendants and the Bank;

6.    To the extent funds are available, make payments to the Bank from time to time for any and all amounts due and to become due under the April 16, 2008 Promissory Note executed by Defendant Shubh Hotels Detroit, LLC (the "Note").

7.    Account to the Court and all interested parties within 30 days after the expiration of each calendar quarter, which accounts shall include a description of all receipts and disbursements applicable to the accounting period.

IT IS FURTHER ORDERED that the ~~Hayman Company~~ *Receiver* shall have no authority to pay expenses that accrued prior to the date of this Order without further written authorization from the Bank. The Receiver shall have no obligation to advance funds in the event the Property does not generate adequate revenue to cover operating expenses. Such additional funds as may be necessary to fund operations and to pay expenses associated with the Property may be advanced by the Bank, at the Bank's discretion, which funds shall be added to the principal amount due Bank from Defendant Shubh Hotels Detroit, LLC upon which additional interest shall accrue at the default rate as described in the Note.

IT IS FURTHER ORDERED that ~~for its services provided as Receiver The Hayman Company shall be paid a fee equal to Two Hundred Fifty Dollars ($250) per hour plus all out-of-pocket expenses related to the Receiver's duties.   Receiver shall provide a detailed monthly~~

LAW OFFICES HERTZ SCHRAM PC

3

EXHIBIT A

~~invoice to the Bank, which shall be paid within ten (10) days after receipt by Bank.~~ All Receivership fees paid by the Bank shall also be deemed to be an additional advance of principal under the Note for which Defendant Shubh Hotels Detroit, LLC is liable.  The Receiver shall have no obligation to continue providing services to the extent any invoice for services rendered remains unpaid for a period of thirty days or upon order of this Court.

IT IS FURTHER ORDERED that the Bank shall have the right to replace or terminate the Receiver upon filing an appropriate motion with this Court and payment of all receivership fees in full. In all cases, the Receiver shall file a full accounting of its activities.

IT IS FURTHER ORDERED that to secure the Receiver's performance, the Receiver shall not be required to post a bond.

IT IS FURTHER ORDERED that Defendant Shubh Hotels Detroit, LLC and its constituent members, employees, officers, employees and all its affiliates, attorneys, agents, successors or assigns are restrained from exercising any dominion or control over the Property in any respect, or from collecting any rents and neither Defendant Shubh Hotels Detroit, LLC, nor anyone acting by or through it, shall have any authority to make decisions concerning the Property or enter into contracts either verbally or in writing affecting the Property or any component thereof.

IT IS FURTHER ORDERED that the Receiver shall undertake any and all additional duties as this Court may require.

IT IS FURTHER ORDERED that the Receiver is authorized to employ any professional necessary for the carrying out of its duties under this Order.

4

EXHIBIT A

IT IS FURTHER ORDERED that the Receiver may employ a hotel management company or any other company or individual necessary to maintain and operate the Property as determined by the Receiver.

IT IS FURTHER ORDERED that the Receiver shall enter upon, receive, and take complete possession of the Property, including without limitation, all records, correspondence, books of account, cash, credit and charge card documents, accounts, leases, utility rights and deposits, contra deposits, tenant security deposits, insurance policies, payments and performance bonds, license, permits, orders, books, keys, inventory of parts, bank accounts, checks, financial books and records, sales tax reports, property, operational invoices, and such other property, real or personal, which in any way relate to the maintenance or operation of the Property. Defendant Shubh Hotels Detroit, LLC shall transfer possession of all such Property to the Receiver and shall turn over to the Receiver any and all funds related to the Property,  including any funds in the operating account and any funds being held for Property repairs within two (2) business days following the date of entry of this Order.

IT IS FURTHER ORDERED that this Order shall remain in effect through the date of entry of judgment in this matter.

JOHN A. MURPHY
_____
CIRCUIT COURT JUDGE

A TRUE COPY
CATHY M. GARRETT
WAYNE COUNTY CLERK

BY_____

LAW OFFICES HERTZ SCHRAM PC

# EXHIBIT A

PURCHASE AND SALE AGREEMENT

THIS PURCHASE AND SALE AGREEMENT (this "Agreement") is made and entered into as of the 8th day of March, 2010, by and between Alnashir Tejani, on behalf of an entity to be formed and without personal liability, whose address is 1466 Bramwell Road, West Vancouver, British Columbia, Canada V752N9 ("Purchaser"), and Shubh Hotels Detroit, LLC, by and through David Findling, Court Appointed Receiver of Shubh Hotels Detroit, LLC ("SHD"), d/b/a Detroit Riverside Hotel pursuant to Amended Order Appointing Receiver entered by the Honorable John A. Murphy, Wayne County Circuit Court, dated July 1, 2009, in Case No. 09-012750 (the "Pending Litigation), whose address is 415 S. West Street, Royal Oak, MI 48067 ("Seller"); (the Purchaser and Seller collectively, the "Parties").

A.    SHD is the owner of certain real property located in the City of Detroit, Wayne County, Michigan, located at 2 Washington Boulevard, Detroit, Michigan 48226 and commonly known as the Detroit Riverside Hotel, as more particularly described as:

> Lots 13, 14, 15, 16, 17, and 18, Lot 79 , Lot O, Lot P, and Lots 75, 76, 77 and 78, including the adjoining one-half (1/2) of the vacated public alley at the rear thereof, excepting that part taken for roads, Section 2 of Governor and Judges Plan, according to the Plat thereof, as recorded in Liber 34 of Deeds, Page 549, Wayne County Records.
> Tax Number: 02/000090-4

and including all improvements and appurtenances on and to such real property (collectively, the "Real Estate").

B. Seller desires to sell the Real Estate and any and all personal property owned by Seller and located on or used in connection with the ownership, maintenance or operation of the Hotel, including, without limitation, furniture, fixtures, furnishings, artwork, appliances, draperies, carpeting, keys, supplies, equipment, permits and licenses, including the Class B-Hotel liquor license #148139 (the "Liquor License"), a copy of which is attached hereto as Exhibit A and made a part hereof, all telephone numbers and all other intangible property associated with the operation of the Hotel (the "Personal Property") (the Real Estate and Personal Property collectively, the "Hotel"), and Purchaser desires to purchase the Hotel free and clear of all liens and encumbrances, all in accordance with, and subject to, the terms and conditions set forth in this Agreement.  The items of Personal Property include those items identified in the Inventory attached hereto as Exhibit D and made a part hereof.

# EXHIBIT B



IN CONSIDERATION of the mutual covenants and agreements contained in this Agreement, and intending it to be legally binding, Seller and Purchaser agree as follows:

**1. Offer**. Purchaser offers and agrees to purchase the Hotel for the Purchase Price (defined below), which shall be paid as provided in this Agreement. Purchaser acknowledges and agrees that that Purchaser will acquire the Hotel "AS IS" and without any representations or warranties of Seller of any kind.

**2. Acceptance**. Seller accepts Purchaser's offer set forth in Section 1 above subject to approval by the Wayne County Circuit Court. Seller and Purchaser agree that the sale and purchase of the Hotel shall be completed in accordance with, and subject to, the remaining provisions of this Agreement. The Sale of the Hotel by Seller to Purchaser is subject to approval by the Wayne County Circuit Court (the "Court") as part of the Pending Litigation. Seller shall not be obligated to close on the sale of the Hotel unless and until twenty-one (21) days after entry of the Order Confirming Sale and the Order Transferring the Liens to the Proceeds have been approved entered by the Court (collectively the "Court Orders"). Such Court Orders shall include, among other things, (i) the approval of the Court of the sale of the Hotel to Purchaser and the transfer of all undischarged liens to the proceeds of the sale, (ii) the approval of the Lease and Management Agreement (which each may have a duration of more than one year) with respect to the Liquor License as hereinafter defined, (iii) the discharge and release of all of the mortgages and other liens listed on Exhibit B attached hereto and made a part hereof or the order of the Court to pay off the amounts due in exchange for discharges of such liens, and (iv) the payoff and discharge of all State of Michigan Tax Liens, the payoff of all State of Michigan taxes related to the Hotel and the payoff of all real estate taxes and assessments out of the proceeds of sale. The Court Orders shall be substantially in the form attached hereto as Exhibit C and made a part hereof. Within seven (7) business days of the expiration of the Due Diligence Period, file a motion with Court seeking approval and entry of the Court Orders. Seller shall provide Purchaser with copies of all proofs of service of the motion for Court approval of the Court Orders for each party in interest in the Pending Litigation. In the event the Court has not entered the Court Orders on or before July 1, 2010 or in the event the Court Orders are appealed, Purchaser shall have the right, by delivery of written notice to Seller, to terminate this Agreement and, in the event of such a termination, the Deposit shall be returned to Purchaser and all parties shall be relieved of any further obligations hereunder. Seller shall use reasonable efforts to obtain the consent of all lienholders to the sale of the Hotel to Purchaser.

1859070.03

# EXHIBIT B

**3. Purchase Price**.  The purchase price for the Hotel shall be <u>Seven Million Dollars</u> ($7,000,000.00) (the "Purchase Price").  The Purchase Price shall be allocated among the Real Estate, Personal Property and Liquor License as Purchaser shall determine in Purchaser's sole discretion, however the amount allocated to the purchase of the liquor license shall not be more than $25,000.00. The Purchase Price shall be paid to Seller at closing in cash or cash equivalent, in exchange for a Fiduciary Deed and Bill of Sale and the other documents listed in Section 10 of this Agreement, in form and content acceptable to Purchaser, conveying the Hotel including the Real Estate and Personal Property to Purchaser, free and clear of all liens and encumbrances.  Prorations and adjustments to purchase price are described in later in this Agreement.

**4. Title; UCC Searches; Survey; Conveyance**. At the closing the Parties shall execute all documents necessary to permit the Seller to convey clear and marketable title to Purchaser, including (but not limited to) a duly executed Fiduciary Deed and Bill of Sale conveying good, marketable and insurable fee simple title to the Hotel, free and clear of liens and encumbrances.  With ten (10) days after the date of execution of this Agreement, Seller shall obtain and deliver to Purchaser a commitment for an ALTA form owner's policy of title insurance (the "Title Policy") to be issued by Fidelity National Title Company (the "Title Company"), covering the Real Property, naming Purchaser as the insured, stating the amount allocated to the Real Estate of the Purchase Price as the policy amount (the "Title Commitment), showing Seller in title and committing to insure Purchaser's title free and clear of all liens and encumbrances based on the Court Orders (including all liens and lis pendens identified on Exhibit B attached hereto).  Seller shall also request the Title Company to deliver to Purchaser concurrently with the Title Commitment a legible copy of each document that is the basis for an exception to coverage in such Title Commitment (collectively, the "Exception Documents").  At or before Closing, Seller shall cause the Title Company to issue a pro forma Title Policy (the "Pro Forma Title Policy") naming Purchaser as the insured, stating the amount of the Purchase Price as the policy amount, and showing Purchaser in title free and clear of all liens and encumbrances listed on Exhibit B attached hereto and made a part hereof.  At Closing, Seller shall pay off, out of the proceeds of sale, all outstanding real estate taxes and assessments and personal property taxes relating to the Hotel and all State of Michigan tax liens not previously discharged by the Court Orders.

Within five (5) days after delivery of the execution hereof, Seller shall deliver to Purchaser copies of any existing ALTA survey covering the Real Estate (the "Survey") in Seller's possession.  Purchaser shall have five (5) business days after receipt of the last of the Title Commitment, Exception Documents, and Survey within which to notify Seller in writing of any objections Purchaser has to any matters

# EXHIBIT B



appearing or referred to in the Title Commitment or Survey. Any exceptions or other matters to which Purchaser does not object in writing within such five (5) business day period shall be deemed to be permitted exceptions to Seller's title (the "Permitted Exceptions"). With regard to items to which Purchaser does so object, Seller shall exercise its best efforts to cure such objections prior to Closing. If Seller is unable or unwilling to cure such objections, Seller shall so notify Purchaser in writing no later than three (3) business days after Seller's receipt of Purchaser's objections. If Seller declines to cure Purchaser's objections, Purchaser, at its option, and as its exclusive remedy, may (i) waive its objections and purchase the Property without reduction of the Purchase Price; or (ii) terminate this Agreement and receive a full refund of the Deposit.

**5. Disclaimer of Representations and Warranties; "AS IS" Condition.** Except as expressly set forth herein, Seller disclaims any and all representations and warranties regarding the nature, fitness, or condition of the Hotel. Subject to Purchaser's right to conduct due diligence as herein provided, Purchaser has had the opportunity to inspect the Hotel and to conduct such other investigations as Purchaser has deemed necessary or desirable. Accordingly, Purchaser is acquiring the Hotel "AS IS."

To the best of Seller's knowledge, information and belief:

(a)     The Liquor License remains the property of Seller and may be transferred free and clear of all liens and encumbrances, subject to the consent of the Michigan Liquor Control Commission.

(b)     Seller has the authority to execute this Agreement subject to approval of the Court and perform its obligations hereunder.

(c)     As of the date of this Agreement, Seller has no employees.

In the event any of the foregoing are not true as of the Settlement Date, Purchaser shall have the right to terminate this Agreement by delivery of written notice to Seller and receive a full refund of its Deposit.

**6. Representations and Warranties of Purchaser.** Purchaser is signing this Agreement on behalf of an entity yet to be formed (the "Assigned Purchasing Entity"). Purchaser represents and warrants to Seller, which representations and warranties shall remain true as of the Settlement Date:

a. That the Assigned Purchasing Entity is, or will be before the Settlement Date, a duly organized and validly existing Michigan limited liability company or

1859070.03

4

# EXHIBIT B



Delaware limited liability company;

    b. That the Assigned Purchasing Entity has, or will have by the Settlement Date, the full right, power and authority to purchase the Hotel as provided in this Agreement and to carry out Purchaser's obligations under this Agreement;

    c. That the Assigned Purchasing Entity will have taken all requisite actions necessary to carry out the Purchaser's obligations provided for in this Agreement by the Settlement Date; and

    d. That the Agreement and all documents executed by Purchaser in connection with the Purchase of the Hotel shall be binding upon, and enforceable against, the Assigned Purchasing Entity.

    **7. No Financing Contingency**. This transaction is not contingent upon Purchaser obtaining financing.

    **8. Due Diligence Contingency/Liquor License Contigency**. (a) Purchaser shall have fifteen (15) days following the date hereof within which to conduct such due diligence as Purchaser deems necessary or desirable (the "Due Diligence Period"). During the Due Diligence Period, Purchaser and its representatives and independent contractors shall be given full and complete access to the Hotel to conduct such investigations and tests as Purchaser deems necessary to determine the condition of the Hotel, subject to the restrictions that any such persons shall repair any damage to the Hotel caused by such investigations. During the Due Diligence Period and prior to the Settlement Date, Seller shall not alter the Hotel in any material way. Purchaser shall direct all inquiries for information and property tours through the Seller or the Farbman Group. Purchaser has received from the Seller copies of all environmental and property related reports and agreements in Seller's possession, subject to the execution of a non-reliance agreement (the "Non-Reliance Agreement") which has been executed by Purchaser. Purchaser acknowledges that it is doing its own due diligence and Seller has not authorized Purchaser to rely on any information provided by Seller.

    Seller will cooperate with and assist Purchaser in its due diligence in accordance with the terms and conditions described in this Agreement. Seller will provide Purchaser and its agents, employees and consultants full and complete access to the Hotel and to any records in Seller's possession or control related to the Hotel, including any information related to valuation, financial results, age, condition or prior use of the Hotel or any asset located on the Hotel property or used in the operation of the Hotel.

    If at any time prior to the expiration of the Due Diligence Period, Purchaser determines that the condition of the Hotel is not acceptable to Purchaser for any

185907003

# EXHIBIT B

