## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### www.flsb.uscourts.gov

In re   Shubh Hotels Detroit, LLC

Case No: 10-42163-EPK
Chapter 11

U.S. BANKRUPTCY COURT
SO. DISTRICT OF FLORIDA-WPB

NOV - 4 2010

FILED _MR_ RECEIVED_____

_____ Debtor   /

## BRIEF IN SUPPORT OF STATE COURT APPOINTED RECEIVER'S MOTION TO DISMISS DEBTOR'S CHAPTER 11 CASE UNDER 11 U.S.C. §1112(b)(1), OR IN THE ALTERNATIVE TO BE EXCUSED FROM TURNOVER PURSUANT TO 11 U.S.C. § 543(d)(1)

*Facts*

The Receiver relies upon the facts as set forth in the Receiver's accompanying Motion to Dismiss Debtor's Chapter 11 Case Under 11 U.S.C. §1112(b)(1), or in the Alternative to be Excused from Turnover Pursuant to 11 U.S.C. § 543(d)(1), with exhibits.

*Law Pertaining to Receiver's Request for Dismissal*

11 U.S.C. § 1112(b)(1) concerns conversion or dismissal of a chapter 11 case.  It provides in pertinent part:

> (b)(1) Except as provided in paragraph (2) of this subsection, subsection (c) of this section, and section 1104(a)(3), on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under Chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

1

(2) The relief provided in paragraph (1) shall not be granted absent unusual circumstances specifically identified by the court that establish that such relief is not in the best interests of creditors and the estate, if the debtor or another party in interest objects and establishes that –

(A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and

(B) the grounds for granting such relief include an act of omission of the debtor other than under paragraph (4)(A) --

(i) for which there exists reasonable justification for the act or omission; and

(ii) that will be cured within a reasonable period of time fixed by the court.

\* \* \*

(4) For purposes of this subsection, the term "cause" includes –

(A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

(B) gross mismanagement of the estate;

(C) failure to maintain appropriate insurance that poses a risk to the estate or the public;

(D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;

(E) failure to comply with an order of the court;

\* \* \*

*Law related to Receiver's Request to be Excused from Turnover*

11 U.S.C. § 543, pursuant to § 543(d)(1) provides:

After notice and hearing, the bankruptcy court—

May excuse compliance with subsection (a), (b) or (c) of this section if the interests of creditors . . . would be better served by permitting a custodian to continue in possession, custody, or control of such property . . .

*Analysis*

David Findling is the State Court Appointed Receiver (the "Receiver") of Shubh Hotels Detroit, LLC, which holds title to the Detroit Riverside Hotel (the "Hotel"), a 25-story, 367-room, closed hotel in downtown Detroit, Michigan. The Receiver has supervised the operation, maintenance and security of the Hotel since his appointment in June of 2009. Further, he has also acted as management since his appointment.

The first secured creditor, United Central Bank, has funded the Receiver's costs of preservation of the Hotel, including insurance, security, maintenance, taxes and utilities. The Receiver has not received any funding from the members of Debtor, nor have they involved themselves in any way in the operation or management of the Hotel.

Prior to the Receiver's appointment, the Hotel was seriously mismanaged. Innumerable obligations went unpaid, including judgments, taxes, wages and insurance. In 2009, Debtor, employed Chris Ott as the on premises hotel manager. Though Mr. Ott was a signatory on a bank account for Debtor, he was directed to remit all hotel proceeds to Florida. This was purportedly to allow the owners in Florida to pay the Hotel's obligations. Based on the Receiver's operational experience with the Hotel, it is clear that assets of the Debtor were diverted to sources other than its obligations.

Should this Court compel turnover of the Hotel, Debtor will be faced with the challenge of funding the costs of preservation, including insurance, security, maintenance, taxes and utilities. Though the Hotel is closed, these monthly expenses total $94,771.30 (see Exhibit A, Monthly Operating Budget). The Debtor did not pay

3

these basic costs prior to the Receiver's appointment, even though the Hotel was open and it was then receiving cash flow. The Debtor is without sufficient assets to fund the Hotel's preservation costs and their failure to provide for same would jeopardize the Hotel and prejudice Debtor's creditors.

Finally, the costs of reopening the Hotel are extraordinary. The air conditioning is inoperative and the elevators are in disrepair and are unlicensed. There are numerous code violations which must be addressed. The Hotel's linens, bedding, towels, mattresses, curtains and furniture have all been through two summers exposed to heat and humidity due to the lack of air conditioning. Also, the Hotel does not have a franchise chain flag to obtain reservations.

The Hotel is closed, and there is no reasonable likelihood that a reorganization will result in the Debtor's ability to re-open it. It is in the best interests of the creditors that the Debtor's chapter 11 case be dismissed in accordance with 11 U.S.C. § 1112(b)(1). In the alternative, the creditors would be better served by permitting the Receiver to retain control over the Hotel as provided by 11 U.S.C. §543(d)(1).

*Conclusion*

WHEREFORE, for the reasons set forth herein and in the accompanying brief, the Receiver respectfully requests that this Court dismiss Debtor's chapter 11 case pursuant to 11 USC §1112(b)(1), or in the alternative excuse compliance with 11 U.S.C. § 543(b)(1).

Respectfully submitted,

Dated: November 3, 2010

David Findling, Receiver In Pro Se
415 S. West St., Ste. 200
Royal Oak, MI 48067
(248) 399-9700
David@findlinglaw.com

5

# Exhibit A

| Name | Expense | Annual Amount | Monthly Amount |
|---|---|---|---|
| **Utilities** | | | |
| DTE Energy | Electricity | $72,000.00 | $6,000.00 |
| Guardian Alarm | Monitoring system | $2,880.00 | $240.00 |
| Detroit Thermal | Steam heat | $231,909.65 | $19,325.81 |
| City of Detroit Water & Sewage | Water for fire suppression | $3,000.00 | $250.00 |
| **Maintenance** | | | |
| Expert Lawn/Paul's Precision | lawn maintenance | $675.00 | $56.25 |
| Expert Snow Removal | snow removal | $600.00 | $50.00 |
| Misc expense | repairs, pest removal, boardups | $5,000.00 | $416.67 |
| **Insurance** | | | |
| Lloyd's of London | Property | $26,162.50 | $2,180.21 |
| LSG Insurance | Liability | $8,978.00 | $748.17 |
| Olmstead Insuarnce | Worker's Compensation | $750.00 | $62.50 |
| **Security** | | | |
| Guardian Guard | 24/7 guard services @ $13.10 per hr | $114,441.60 | $9,536.80 |
| **Taxes** | | | |
| PIN 02000090-4 | Summer 2010 / Real Property | $504,531.57 | $42,044.30 |
| PIN 02000090-4 | Winter 2009 / Real Property | $59,327.02 | $4,943.92 |
| PIN 02993035.00 | Personal property | $100,000.00 | $8,333.33 |
| PIN 02993035.01 | Personal property | $7,000.00 | $583.34 |
| **Estimated Budget** | | $1,137,255.34 | $94,771.30 |