UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

IN RE:                                              CASE NO.: 10-42163-BKC-EPK
                                                    Chapter 11
SHUBH HOTELS DETROIT, LLC.
                                                    PALM BEACH DIVISION
            Debtor.
_____/

### DEBTOR'S MOTION TO APPROVE POST PETITION FINANCING
### (Expedited hearing requested)

Shubh Hotels Detroit, LLC . (the "Debtor"), through undersigned counsel, hereby files this Motion to Approve Post Petition Financing pursuant to Section 364(d)(1) and states:

1. On October 21, 2010, (the "Petition Date") the Debtor filed a voluntary petition under Chapter 11, Title 11 of the United States Code.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1408 and 1409. The matter is a core proceeding pursuant to 28 U.S.C. §157(b).

3. The Debtor consists of a twenty five (25) story, three hundred and sixty five (365) room hotel in Detroit, Michigan. It covers a block of the downtown area. It is located next to the Cobo Convention Center which is a very desirable location. Although the Debtor undertook a twenty (20) million dollar renovation 2008, its operation was terminated as a result of a state court receivership, which apparently was not well funded. As a result the hotel lost its "flag" and has fallen into disrepair.

4. Mutual Bank, an Illinois Banking Corporation, (hereinafter "Mutual") holds a Note secured by a first Mortgage with a principal balance as of the Petition Date of $29,700,000, plus interest thereon.

5. Broadway Bank, an Illinois Banking Corporation, (hereinafter "Broadway") holds a Note secured by a second mortgage with a principal balance as of the Petition Date in the

amount of $3,500,000.00.

      6.      Debtor has a commitment for a new "flag" from the Crowne Plaza provided certain repairs are completed and computer equipment is acquired to operate the franchise.  See Exhibit A attached hereto.

      7.      Debtor has sought unsecured financing from all its available resources and is unable to borrow the monies necessary to commence the operation of the hotel.  As set forth in the receivers motion, the receiver has not been successful in his efforts to obtain the funds required to operate the hotel.

      8.      Debtor's principals have a commitment for $3,000,000.00 in Debtor In Possession financing with interest payable at the rate of prime plus 10.75%, subject to bankruptcy court approval. See Exhibit B.   The loan is to be secured by a first mortgage and a pledge of all equity interests and the collateral pledge of all other contracts and agreements related to the Property.

      9.      The receiver was prepared to sell the  Debtor's property for $4.5 million dollars.  A broker representing the Debtor's principals had procured a buyer for $5.0 million dollars, but the receiver refused to consider this offer.

      10.      Debtor seeks to borrow $1,693,870 to renovate the hotel pursuant to the budget set forth as Exhibit C.  Debtor  believes it can establish that the renovation of the property and the flag provided by the Crowne Plaza will increase the value of the hotel to no less than $15 to $17 million dollars .  Accordingly, the interest of the first and second mortgage will be adequately protected.

      11.      If the Debtor does not  procure financing and undertake the repair of the Hotel, the property will continue to deteriorate and the value of the collateral will continue to diminish.

12. Debtor's principals are experienced hotel operators with interests in several other hotels located in the United States. They were not present at the hearing concerning the appointment of the receiver, and did not have the opportunity to present evidence related thereto. The value of the Debtor's property has been severely compromised by a lack of funds, and the Debtor's principal's are prepared to remedy the Debtor's financial situation which will benefit all creditors.

Wherefore the Debtor respectfully requests authority to obtain financing pursuant to Section 364(d) (1) on the terms and conditions set forth herein and for such further relief as the Court deems just.

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by electronic mail to the attached list on this 10th day of October, 2010, and that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1 (A).

SUSAN D. LASKY, PA
Attorneys for Debtor
2101 North Andrews Ave./ Suite 405
Wilton Manors, FL  33311
(954) 565-5854/ (954) 462-8411 Fax
SLaskyLBRPA@bellsouth.net


By:_____
    SUSAN D. LASKY, ESQ.
    Florida Bar No. 451096



InterContinental Hotels Group
Three Ravinia Drive
Suite 100
Atlanta, GA 30346-2149

www.ichhotelsgroup.com

Keith Biumi
Regional Vice President
Upscale Franchising & Development

Direct Tel: (770) 604-5079
Direct Fax: (770) 604-8816
keith.biumi@ichotelsgroup.com

October 28th 2010

Atul Bisaria
8402 Lookout Circle
Boca Raton FL 33496

Dear Atul,

As discussed, IHG and the Crowne Plaza brand would flag and open the asset located in Detroit Downtown, MI/#15352 provided the following conditions: receive the outstanding balance of fees for application and NHOP, which is now estimated at approximately $29,000, receive a fee of $2500 to re PIP asset, and the completion of the PIP prior to opening.

The asset was last PIPed in August 2008, therefore we will need to revisit and re determine what needs to be done prior to opening. I estimate that since the asset has been sitting empty for such a long period, and is in Chapter 11, the brand would require the PIP to be completed first, in its entirety, prior to opening.

Please let me know how we can move this project forward and open the asset into the Crowne Plaza family.

Regards,

Keith Biumi
RVP Upscale Franchising and Development

   

Six Continents Hotels, Inc.
A Member of the InterContinental Hotels Group

"EXHIBIT A"

# JDI LOANS LLC

853 North Elston
Chicago, Illinois 60622

312.433.0500
312.433.0555 fax

October 28, 2010

VIA EMAIL

Shubh Hotels Detroit L.L.C
8402 Lookout Circle
Boca Raton, Florida 33496
Attention: Atul Bisaria

      Re:    Detroit Riverside Hotel

Gentlemen:

JDI Loans LLC is interested in providing Debtor in Possession financing secured by the 365 room hotel commonly known as Detroit Riverside Hotel and located at 2 Washington Boulevard in Detroit, Michigan on the general terms and conditions outlined below:

| | |
|---|---|
| Lender: | JDI Loans LLC or its affiliate ("Lender") |
| Borrower: | A single asset, bankruptcy remote entity acceptable to Lender ("Borrower") |
| Property: | A 365 room hotel commonly known as Detroit Riverside Hotel and located at 2 Washington Boulevard in Detroit, Michigan |
| Loan Amount: | $3,000,000 as Debtor in Possession financing, with such funds being advanced pursuant to a budget and loan documents approved by Lender. |
| Maturity: | 30 months |
| Interest Rate: | Interest shall be paid monthly at an annual interest rate of prime + 10.75% with a floor of 14%; in the event of an event of default, the interest rate shall be 24%. |
| Loan Fee: | Borrower shall pay a fee to Lender of 4% of the Loan Amount. A fee of $20,000 shall be due upon Borrower's acceptance of this letter (the "Initial Fee"). The remaining fee of $100,000 shall be due at closing (the "Additional Fee"). The Initial Fee and the Additional Fee shall together be known as the Loan Fee. The Loan Fee shall be deemed earned by Lender at the time of payment and will be refunded to Borrower, less any costs incurred by Lender, only in the event that Borrower is not in default hereunder and Lender fails to close based on the terms outlined herein, subject to Borrower's execution of Lender's standard release letter. |
| Security: | The subject loan will be secured by a first mortgage, a pledge of all equity interests in Borrower and the collateral pledge of all other contracts and agreements related to the Property. No additional senior or subordinate financing will be permitted during the term of the loan, either secured or unsecured. **Without limitation of the foregoing, the loan shall be approved by the bankruptcy court pursuant to a court order approved by** |

EXHIBIT B

<u>**Lender in _ sole and absolute discretion which provides, among other things, that the subject Loan is superior in all respects to (i) the existing first mortgage loan in favor of Mutual Bank in the approximate amount of $30,000,000, and (ii) the existing second mortgage loan in favor of Broadway Bank in the approximate amount of $3,400,000.**</u>

| | |
|---|---|
| Loan Funding: | Not more frequently than one time each month, Borrower may request that Lender fund additional costs incurred during the renovation of the Property through a construction escrow established by Borrower and Lender for the Property. Such draw requests shall be accompanied by standard draw request forms, title date down, contractor lien waivers and such other information or documentation as Lender may request. In addition, each such draw request shall include a certification by Borrower that the loan is in balance. Such certification shall include a comparison of the original budget, work completed to date and balance to complete. In the event that Lender determines in its sole discretion that the amount of work left to complete exceeds available funds, the Loan shall be deemed out of balance and Borrower shall be required to deposit such out of balance amount with Lender. |
| Interest Reserve: | At closing, a $420,000 interest reserve will be established with Lender, to be held as additional security for the loan and drawn monthly to pay interest on the outstanding balance. |
| Real Estate Tax and Insurance Escrow: | At closing, a real estate tax and insurance escrow account will be established with the Lender. |
| Distributions: | No distributions shall be made to Borrower, its principals or affiliates during the term of the Loan. |
| Lease Approval: | Lender shall have the reasonable right to approve leases and sale agreements. |
| Third Party Reports: | Prior to closing, Borrower shall provide Lender with an environmental report for the Property in form and substance reasonably acceptable to Lender. Borrower shall also endeavor to provide Lender with an appraisal, prior to closing, in form and substance reasonably acceptable to Lender. In the event the appraisal is not available prior to closing, Lender shall withhold from the loan proceeds an amount sufficient to cover the expense of Borrower obtaining an appraisal within 30 days of closing. |
| Prepayment: | Provided Lender receives not less than $210,000 in debt service payments, the Loan may be prepaid in full at any time without penalty. |
| Due Diligence: | Lender is already generally familiar with the Property. Notwithstanding the foregoing, this letter of intent is subject to completion of Lender's due diligence. At any time, Lender may elect in its sole and absolute discretion to terminate this agreement. |
| Expenses: | Borrower shall be responsible for payment of all of the Lender's costs and expenses associated with the underwriting, documenting, funding, monitoring and enforcing of the loan without regard to whether the subject loan closes. Such expenses shall include, but |

|  |  |
|---|---|
|  | not be limited to, legal, search, appraisal, travel, consultants and other due diligence costs. |
| Broker: | Borrower shall represent and warrant to Lender that no brokers have participated in the subject loan, whose fee shall be paid by Borrower. Borrower shall also indemnify Lender from any other claims. |
| Documentation: | Upon Borrower's acceptance of this letter and payment of the Initial Fee as outlined above, Lender shall commence its Due Diligence and the documentation of the subject loan based on the terms outlined herein. Such documentation shall include, but not be limited to, preparation of Lender's standard loan documentation including requirements for an opinion letter from Borrower's counsel acceptable to Lender, and reserve accounts with interest payable to Lender, approval over all brokerage and management agreements, requirements for monthly reporting, Lender's standard requirements for covenants and representations by Borrower and other matters. |
| Guarantee: | The subject loan, completion of the project and all costs of enforcement of the Loan shall be jointly and severally guaranteed by Atul Bisaria. In addition, Borrower and its principals shall be required to execute an environmental indemnity agreement in form and substance satisfactory to Lender. |
| Closing: | Closing of the subject loan will take place on a date mutually agreed to by Lender and Borrower. |

Atul, if you are interested in this proposal, please indicate your acceptance of this letter by signing a copy and returning it to me with the Initial Fee. We will then commence our due diligence and begin initial documentation of the loan.

Sincerely,

JDI Loans, LLC

Robert B. Weil
Senior Vice President


Agreed To and Accepted By:

_____
Atul Bisaria
Date: _____

| Detroit Riverside Hotel  Capital Improvements | TOTAL | $/RM |
|---|---:|---:|
|  |  | 367 rms |
| **EXTERIOR** |  |  |
| Porte Cochere - Jefferson Street | 40,000 | 109 |
| Building Exterior repair, paint | 68,450 | 187 |
| Landscaping | 12,675 | 35 |
| Sidewalks and Curbs | 22,345 | 61 |
| Motor Lobby Entrance Exterior | 9,000 | 25 |
| Exterior Signage | 115,000 | 313 |
|  |  |  |
| **INTERIOR** |  |  |
| Main Lobby | 13,000 | 35 |
| Front Office Computer PMS & POS | 190,000 | 518 |
| Business Center | 6,000 | 16 |
| Gift Shop/Retail | 12,500 | 34 |
| Elevators | 245,000 | 668 |
| Interior Signage | 88,000 | 240 |
| Restaurant | 6,000 | 16 |
| Lounge | 6,000 | 16 |
| Kitchen Main Floor | 12,000 | 33 |
| Ballroom - Lobby Level | 6,000 | 16 |
| Staircase from Motor Lobby | 1,000 | 3 |
| Motor Entrance Lobby | 3,000 | 8 |
| Swimming Pool and Sauna | 17,500 | 48 |
| Fitness Center | 4,000 | 11 |
| Terrace Level | 20,000 | 54 |
| Meeting Space 25th Floor | 9,000 | 25 |
| TOP of the Pontch 25th floor | 16,000 | 44 |
| Public Restrooms 25th Floor | 3,000 | 8 |
| Public Restrooms Lobby | 3,000 | 8 |
| Guest Rooms HVAC 4-pipe system | 100,000 | 272 |
| Guest Corridors, Elevator Landings, Vending Areas | 12,000 | 33 |
| Guest Rooms, Suites, Bathrooms | 73,400 | 200 |
| Replacement TVs 120 sets + Lodgenet equipment | 90,000 | 245 |
| Club Lounge 24th Floor | 6,000 | 16 |
| Heart of House - Admin & Sales | 12,000 | 33 |
| Heart of House - Housekeeping, Ldry, Maint. Floor | 6,000 | 16 |
| Heart of House - Employee Cafeteria | 6,000 | 16 |
| Other - design fees, permits, misc | 30,000 | 82 |
| Life Safety | 300,000 | 817 |
| Mechanical - water pumps, plumbing, electical | 60,000 | 163 |
| In-House Enginerring, supplies, rehab cleaning | 30,000 | 82 |
| Crowne Plaza start up fees | 40,000 | 109 |
|  |  |  |
| **TOTAL RENOVATION COST** | 1,693,870 | 4,615 |

*[handwritten:]*
```
  1.7
  627.
 ─────
 2.327.
```

EXHIBIT C

| | | |
|---|---|---|
| Shubh Hotels Detroit, LLC<br>c/o Atul Bisaria<br>8402 Lookout Circle<br>Boca Raton, FL 33496 | Office of the US Trustee-<br>electronically | Bill Dearborn Transportation & Valet<br>7726 Payne<br>Dearborn, MI 48126 |
| Board of Commissioners<br>City of Detroit<br>POB 32711<br>Detroit, MI 48232 | Bozac, LLC<br>2665 S Bayshore Dr PH2A<br>Miami, FL 33133 | Broadway Bank<br>5960 M Boradway<br>Chicago, IL 60660 |
| Contract Purchasing & Design<br>6560 W Rogers Cir, Ste 26<br>Boca Raton, FL 33487 | David MacGregor<br>Detroit Metro Convention and Visitors Bureau<br>Dept #117701<br>POB 67000<br>Detroit, MI 48267 | Detroit Thermal LLC<br>3575 E Palmer St<br>Detroit, MI 48211 |
| DTE Energy Electric<br>POB 67-069A<br>Detroit, MI 48267 | General Renovation<br>8181 Grayfield<br>Dearborn Heights, MI 48127 | Hereiu Funds<br>POB 6557<br>Aurora, IL 60598 |
| Highmark Blue Shield<br>POB 382146<br>Pittsburgh, PA 15250 | HW Baker Linen<br>500 Corporate Dr<br>Mahwah, NJ 07430 | IUOE Local 547 Health & Welfare<br>24270 W Seven Mile Rd<br>Detroit, MI 48219 |
| Maintenance<br>POB 404295<br>Atlanta, GA 30384 | Michigan Dept of Treasury<br>Dept 77003<br>Detroit, MI 48277 | Mutual Bank<br>c/o Hertz Schram PC<br>1760 S Telegraph Rd ,Ste 300<br>Bloomfield Hills, MI 48302 |
| Otis Elevator Company<br>POB 73579<br>Chicago, IL 60673 | PSAV<br>The Inn at St Johns<br>44045 Five Mile Rd<br>Plymouth, MI 48170 | Shubh Hotels Asset Mgt<br>901 Clint Moore Rd<br>Boca Raton, FL 33487 |
| Starwood Hotels & Resorts<br>POB 198872<br>Atlanta, GA 30384 | The Cornhusker Marriot<br>333 S 13 St<br>Lincoln, NE 68508 | Wayne County Treasurer<br>Acct Dept, Stadium Excise Tax Collection<br>400 Monroe St, Ste 550<br>Detroit, MI 48226 |